PETTUS, Adm'r., vs. ELGIN.

An injunction can not, on the application of a defendant, issue from one court to enjoin an execution from another.

APPEAL from St. Louis Circuit Court.

Scott, J., *delivered the opinion of the. Court.*

This was a bill in chancery for an injunction, which stated that Eckhart recovered a judgment against Elgin in the Circuit Court of St. Charles county. After the recovery of the judgment Elgin obtained a certificate of discharge in bankruptcy. Afterwards, on this judgment, Eckhart sued out execution against Elgin, directed to the sheriff of St. Louis county. Under this execution, the property of Elgin was levied on, whereupon he filed in the St. Louis Circuit Court this bill of injunction. The injunction was granted. Eckhart dying, the suit was revived in the name of Wm. G. Pettus, his administrator. A demurrer to the bill was filed which was overruled and a decree entered perpetuating the injunction.

As the debt existed prior to the bankruptcy of Elgin, and as a judgment was obtained before the certificate of discharge was granted, he could not plead his discharge in bar of the suit. Under these circumstances, the case of Reed vs. Vaughn, 10 Mo. Rep., 447, is an authority to show that the judgment obtained against Elgin may be restrained by injunction. The statute however, declares that proceedings on an injunction to stay a suit or judgment at law, shall be had in the county where the judgment was rendered or the suit is pending.

The circumstance, that the process was in the hands of the sheriff of St. Louis county, gave the Circuit Court of that county no control of the writ by injunction, sale or otherwise. As to that process, the sheriff of St. Louis county was an officer of the Circuit Court of St. Charles county, it emanating from that court. One court cannot interfere with the process of another. The application for relief should have been made to the Circuit Court of St. Charles county.

The decree will be reversed, and the bill dismissed, the other Judges concurring.