WILLIAM W. McCLELLAN
vs.                    } MARCH TERM, 1849.
WILLIAM CROOK.

[INJUNCTION TO RESTRAIN EXECUTION OF A DECREE OF THE COURT OF APPEALS—
CHANCERY PRACTICE.]

THOUGH this court has not the power to review, in the proper sense of that term, a decree of the court of appeals, either upon the state of facts upon which that court acted or any others, yet when a state of facts has arisen since such decree was passed showing its *satisfaction*, this court may interfere by injunction to prevent the decree from being used as an instrument of injustice, and an original bill is the proper form to be adopted in such circumstances.

[A bill was filed on the 21st of July, 1843, by William Crook, as the assignee of a mortgage of certain leasehold property in the city of Baltimore, against Wm. H. McClellan, for a sale of the mortgaged premises to satisfy the mortgage debt. The complainant, Crook, had been for many years tenant of the mortgaged premises, and two accounts were stated by the Auditor on the 19th of November, 1844, one of which the Chancellor ratified on the 16th of December, 1844, and decreed that the property be sold for the payment of the sum found by this account to be due the complainant. From this decree the defendant, McClellan, appealed, and the Court of Appeals at their June term, 1846, reversed the decision of the Chancellor, and instead of remanding the cause for further proceedings generally, directed an audit to be made in conformity with their views, by a special Auditor appointed by them for that purpose, who accordingly reported an account in which interest was charged upon the mortgage debt yearly, and the rent credited yearly from the 14th of May, 1839, to the 19th of November, 1844, the date of the Auditor's report, affirmed by the Chancellor. The appellate court then on the 26th of June, 1846, passed a decree reversing with costs the decree of the Chancellor of the 16th of December, 1844, ratifying and confirming the account stated by their special Auditor, and for the purpose of enforcing the payment of the claim thereby found to be due

Crook, decreed, that the cause be remanded to the Court of Chancery, and that unless McClellan should pay into said court the sum of $485 49, with interest on the sum of $379 12, from the 19th of November, 1844, until so brought into said Court of Chancery on or before the 1st of April, 1847, then the said mortgaged premises be sold for the payment of said sum and interest, under the orders and decrees of said Court of Chancery, according to the usual course of the said court in such cases, and appointing a trustee to make said sale.

On the 22d of January, 1849, McClellan filed his present bill in this case, in which, after stating the above proceedings in the former case, he avers that Crook continued the occupation of the mortgaged premises for a long time beyond the time up to which the account in the Court of Appeals charged him with rent, and that he in fact continued to occupy the premises up to the 15th of May, 1847, while the account in the Court of Appeals was necessarily limited to and ended with the 19th of November, 1844, and that agreeably to the principles settled by said account in the Court of Appeals, charging the said Crook with rent at the rate of $400 per annum, nothing would remain due him on said mortgage claim, yet he nevertheless insists that the property shall be sold under the said decree of the Court of Appeals, as if the said mortgage claim, as stated in the audit in said appellate court, remained due and unpaid, and subject to no abatement. The bill further charges that said Crook is now insolvent, and complainant would be without any remedy against him for any part of the rent so accrued to the complainant since the said 19th of November, 1844, except by an injunction from this court, arresting the sale of the property, and a decree directing satisfaction to be entered of said decree as passed by the Court of Appeals, and the prayer of the bill is for such injunction and decree, and for general relief. The injunction was granted as prayed.

The defence taken by the answer of Crook was, that by the principle of the decree of the Court of Appeals, which greatly reduced his original claim, he was chargeable for the rents and profits of the mortgaged estate from a certain day mentioned

in the proceedings to a certain other day long anterior to the date of the decree of said court, and as that decree does not provide for taking any further account against him, or direct any inquiry to be made in respect to his liability for subsequent rents and profits, nor is this court empowered to do anything more than to execute said decree, he insists that that decree is conclusive of the rights and liabilities of both parties arising out of the matters litigated in that suit, and he pleads said decree as a bar to any further account of rents and profits received or supposed to be received by defendant anterior to the date of the same. And that if any such relief could be awarded to the present complainant, he has mistaken his remedy, and that he ought to have proceeded by supplemental bill in the former case. He admits he continued in possession of the mortgaged premises after the 19th of November, 1844, but for what space of time he is not able at this moment to state, but if he is now liable to account for such occupancy, he submits that he is entitled to review the decree of the Court of Appeals, and to correct the same, so far as may be necessary to do even handed justice to the parties. He then points out deductions of ground rent and taxes to be made from said rent of $400 per annum charged against him by that decree, so as to reduce the clear annual rent to $200 per annum, and avers that the account directed to be stated by the Court of Appeals was so stated without due notice to him, and that his case was not prepared so as to show the clear net rent which he had received for the premises, and that he was thereby greatly aggrieved, and he submits that if the present complainant is permitted to review the said decree for any purpose, it will be so far opened as may be necessary to correct errors existing therein to the prejudice of this defendant.

After this answer was filed, a motion was made to dissolve the injunction, upon the hearing of which the Chancellor delivered the following opinion.]

THE CHANCELLOR :

Waiving the objection to the answer taken by the complainant, and conceding for the purpose of this motion that it is entitled to be treated as if sworn to by the defendant, I am of opinion that it has not removed the equity of the bill, and consequently that the injunction must be continued.

It cannot be necessary to say that this court disclaims in the most explicit manner any power to review, in the proper sense of that term, the decrees of the Court of Appeals, either upon the state of facts upon which that tribunal acted, or any others. What is resolved by it in view of those facts, or others, is conclusive, and the duty of this court, when required to carry its mandates into effect, is unqualified obedience.

But it is not, in my opinion, at variance with this principle, to say, that upon circumstances which were not, and could not, from the nature of things, have been before the Court of Appeals at the time it passed its decree, it may become the duty of this court to stay its hand, especially when it is manifest that, according to the principles settled by the Superior Court, these circumstances give rise to an equity in direct opposition to the rigorous execution of its decree.

When the decree in this case was passed by the Court of Appeals in June, 1846, there was nothing in the record to show that the possession by Crook of the mortgaged premises continued subsequently to the period stated in the report of the Auditor, to wit, November, 1844, and, therefore, he could not be charged with the rent later than that period, but it is now charged in this bill, and confessed by the answer, that he did so continue in possession to a later period, the bill alleging that this possession continued so long as to extinguish the debt, and the answer, though it does not admit, certainly does not deny, this assertion. It is also charged and not denied that Crook, the assignee of the mortgage, is insolvent, and that if the mortgagor is now compelled to pay, he will be wholly without remedy.

Now, this certainly presents a case in which all must regret the inefficiency of the court, if it be incapable to relieve the complainant. There would, in that event, be a striking defect

in the administration of justice which could only be lamented if the counsel for the defendant in this case is right, but which would be remediless.

The argument is, that this court cannot review the decrees of of the Court of Appeals. It can only execute them when directed to do so. But suppose, after the decree of the Court of Appeals in this case was passed, the mortgagor had paid the balance of the debt in money, and notwithstanding such payment, the mortgagee insisted upon the execution of the decree, will it be said that under such circumstances this court could not interfere by injunction to prevent the wrong? But can it make any difference either in the power of this court, or in the equity of the case, whether the debt is extinguished by a payment in money, or in that which is equivalent to money, as settled by the Superior Court itself? In neither case does this court assume to review the decree of the Court of Appeals, but upon a new state of facts it prevents it from being used as an instrument of injustice. To review would, of course, involve the power to reverse either upon the record as it stood in the Superior Court, or upon facts arising subsequently. This the court unequivocally disclaims, but it is thought that when it is made to appear satisfactorily that the decree of the Court of Appeals has been *satisfied*, either by a payment in money, or money's equivalent, and when, notwithstanding such satisfaction, the party who obtained the decree is proceeding to enforce it by execution, this court may, and it is its duty, to prevent so manifest a wrong.

The cases cited by defendant's counsel of *West* vs. *Skip*, 1 *Ves. Sen.*, 245, and *Johnson* vs. *Northeby*, 2 *Vernon*, 407, lay down the rule applicable to bills brought to carry former decrees into execution, and they show that as a general rule upon such bills, the court can only do that, and not vary, though sometimes this has been done to attain the justice of the case, though, as stated in *Vernon*, this must be done upon the proofs in the former cause, and not upon any new proofs.

But the present is not a bill to carry a former decree into effect, but a bill to arrest the execution of a former decree, not

because of any error in that decree, but because of its *satisfaction*, as shown by facts arising since it was pronounced. So far, in fact, from imputing error to the former decree, the bill in this case rests upon the principles therein adjudicated.

The principles settled by the Court of Appeals in the case of *Crapster* vs. *Griffith*, 6 *H. & J.*, 144, seems to me to go far to vindicate the conclusion to which I have come in this case, and that case also shows that an original bill, as in this case, is the proper form to be adopted in such circumstances. The decision of the court upon this point is made more striking, because the Chancellor, whose decree was reversed, made the objection that a supplemental, and not an original, bill, was the proper remedy. The court upon this motion is not called upon, nor is it in a situation to decide the other question presented by the answer. The injunction in this case will be continued.

CHAS. F. MAYER, for the Complainant.
THOS. S. ALEXANDER, for the Defendant.