Curry v. Stephens.

---

## CURRY v. STEPHENS, *Appellant.*

**Witness :** WIFE WHEN COMPETENT IN BEHALF OF HUSBAND. Under Revised Statutes, section 4014, a married woman is a competent witness in behalf of her husband as to a business transaction in which she acted as his agent.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*O. T. Rouse* for appellant.

(1) The suit was on an account for mules sold by defendant. If it be for selling as agent for plaintiff, a contract with defendant would have to be shown. Plaintiff's wife was his agent to have the mules sold, and says she made McCord the agent, and that he sold them and settled, and informed her that he had taken a note, and also that she gave defendant no authority to sell them.

If it was for selling without any authority it was for converting the amount, a tort, and Mrs. Curry was not a competent witness. 1 R. S., 1879, sec. 4014; *Williams v. Williams*, 67 Mo. 661; *Wheeler & Wilson Mf'g. Co. v. Tinsley*, 75 Mo. 458. (2) Evidence that defendant agreed to keep the note taken for the mule, and to pay plaintiff the amount thereof for the mule was not proper. Had the suit been for the amount of the note, such evidence would have been proper, but not under the issue made in this case. *Bullene v. Smith*, 73 Mo. 151; *Waldhier v. H. & St. Jo. R. R.*, 71 Mo. 514; *Edens v. Same*, 72 Mo. 212; *Price v. St. L., K. C. & N. R. R.*, 72 Mo. 414; *Buffington v. A. & P. R. R.*, 64 Mo. 246; and the instructions in this case presented an issue not warranted by the pleading and were wrong, as per the authorities cited. (3) The conversation between Mrs. Curry and defendant at her home, even if as reported, was not proper under the issue presented by the pleading. But if it was proper, she was not a competent witness to testify to it. See cases cited under first and second points; and there was no ground for recalling the plaintiff to testify after defendant had closed his evidence.

*W. A. Martin* for respondent.

(1) Mrs. McCord was the authorized agent of her husband and her evidence was competent. R. S., sec. 4014; *Hardy v. Matthews*, 42 Mo. 406. (2) Mrs. McCord was only an agent with special instructions; she could not authorize a sale on credit, hence could not ratify one. *State v. Bank*, 45 Mo. 528; *Adams Express Co. v. Reno*, 48 Mo. 264.

EWING, C.—On the 12th of September, 1881, respondent commenced suit before a justice of the peace on the following account:

          Francis Stephens to John W. Curry, Dr.
February 1, 1880.
    To amount received for mules sold.....$85 00
    Interest to October 1, 1881............... 8 50
                                 $93 50

    The plaintiff had judgment before the justice, and in the court of common pleas, where it was taken, and the defendant brings the case here by appeal. The evidence tended to prove that defendant had some mules he was going to take south for sale, and Mr. McCord, the father of plaintiff's wife, was going with defendant. That by direction of plaintiff, his wife employed her father to take her husband's mules along at the same time and sell them for cash. That the defendant was standing by at the time and heard the instructions of Mrs. Curry to her father, McCord. That after getting south defendant sold plaintiff's mule on credit and took a note therefor payable to himself. That McCord objected to the sale on credit. That after his return from the south defendant told plaintiff he had sold one of his (plaintiff's) mules on credit for eighty-five dollars, and took a note for it, and was going to pay plaintiff for the mule, and that if not pushed for the money would be glad if plaintiff would wait on him a short time, etc.

    The plaintiff offered his wife as a witness and she was asked:

    Question.—"Did you have a conversation with defendant about paying for this mule in controversy?" Answer.—"Yes, I had a conversation with defendant about paying for the mule." Question.—"Where was that conversation had and when, and what did defendant say?" Defendant objected to this question at the time because not in the line of witness's agency, and because there was no contract between witness and defendant about handling the mules, and because witness was incompetent to testify about that matter. Answer.—"The

conversation was at my house here in Moberly. In the spring of 1881 defendant was on his way to Kentucky and he told me he expected to get some money here in a short time, that it would come to him here, and he would leave a man here when it came to pay my husband what he (defendant) owed him."

The court then gave the following instructions:

"1. If the jury believe it was the intention and understanding of defendant to keep the note for eighty-five dollars taken for the mule in the name of McCord and Stephens, and pay plaintiff the same for the mule, the verdict must be for the plaintiff."

"2 The jury are instructed that if they believe from the evidence, that the witness McCord went south with plaintiff's mules as his agent, and that defendant went along with him with mules of his own, and that one Cruickshanks was engaged to help sell the mules, and that the mules were divided into two lots; and that McCord took charge of one lot, and Cruickshanks and defendant took charge of the other lot; and that McCord instructed Cruickshanks to sell for cash or short time drafts; and that while McCord was absent, Cruickshanks sold three of plaintiff's mules for two hundred and ninety-five dollars for which he took notes, due twelve months after date, one for eighty-five dollars, and the two others together for the sum of two hundred and ten dollars; and that McCord, as soon as he found out notes had been taken, objected to the sale, and that defendant then agreed to pay McCord two hundred and ten dollars cash for the two notes, provided McCord would let the sale stand and accept the eighty-five dollar note; and that McCord accepted the offer and defendant paid McCord the two hundred and ten dollars cash for the said two notes, the verdict must be for the defendant, although the jury may believe from the evidence that defendant was in the company of Cruickshanks at the time the notes were taken, and although the notes were taken in the name of McCord

and Stephens. * * * But if defendant, after he came home, agreed with plaintiff to pay for said mule the amount of said note and keep the note, he will be liable in this suit for the amount of said note."

To the giving of which defendant excepted. Defendant then asked an instruction precisely as number two down to the asterisks which the court refused and defendant excepted.

I.   The appellant insists that the court below erred in admitting the evidence of Mrs. Curry, the wife of plaintiff, because that part of her testimony objected to was not in the line of her agency.   The evidence of plaintiff himself as to his wife's agency in the premises was: "In the fall of 1879 I owned mules ready for market that I wished to send south.   Mr. McCord and defendant were going south, and when I left home I told my wife to have them take my mules and sell them.   I told her to have them sold for cash."   Mrs. Curry then testified that "defendant and my father came to our house on their way south.   When they started I told father to take the mules and do the best he could with them."   On their return the conversation objected to took place between Mrs. Curry and defendant, about paying for the mule in controversy, and she states what defendant then said. That clause of section 4014, Revised Statutes, 1879, in relation to witnesses, provides that a married woman is not disqualified "in all matters of business transactions when the transaction was had and conducted by such married woman as the agent of her husband."   Was she not then the agent of her husband in this business transaction?   She was his agent, undoubtedly, for the sale of the mules, and as such we think was competent to testify against the defendant.   Her conversation with defendant was about paying for the mule in controversy, and she testified that defendant told her he expected money and would pay her husband.   Her agency was proven by other evidence than her own.   *Williams, Adm'r, v. Williams,*

67 Mo. 661 ; *Wheeler & Wilson Mf'g. Co. v. Tinsley*, 75 Mo. 458.

II.   The only other point raised in the motion for a new trial was the alleged error of the court below in giving instructions.   In our opinion the instructions as given were not erroneous.   The suit was on an account for money had and received, and we think the evidence was competent and the instructions fairly presented both sides of the case to the consideration of the jury, and they found the facts for the plaintiff.

The judgment of the court below is affirmed.   All concur.