MELLIER, *Appellant*, V. BARTLETT.

1. **Execution, Motion to Quash** : PRACTICE : SECTION 2405. Revised Statutes, section 2405, giving the execution debtor the right. to apply to the judge of the court, out of which the execution issued, to have the same stayed, set aside, or quashed, furnishes a remedy in the vacation of the court, and in no way interferes with the right of the defendant to make his motion in open court.

2. **Process, Power of Court to Control** : PRACTICE. The general. rule is that every court has the exclusive control over its own process, and no other court has the right to interfere with or control it..

3. **Execution** : INJUNCTION : PRACTICE. An injunction cannot be. issued by one court to enjoin an execution issued from another court.

4. ———— : JURISDICTION : PRACTICE. The circuit court of one county has no jurisdiction to quash an execution in the hands of the sheriff of that county, where the execution issued from the circuit court of another county.

5. ———— : PRACTICE : OFFICER. The sheriff of the county to which an execution is sent from the circuit court of another county, is, as to that writ, the officer of the court from which the writ emanated.

*Appeal from Butler Circuit Court.*—HON. R. P. OWEN, Judge.

REVERSED.

*W. H. Clopton* for appellant.

(1) The statute requires that reasonable notice of a motion to quash an execution shall be given. R. S., sec. 2405. And the statute does not limit the defendant to a petition verified by affidavit. He may have his motion in open court. *Heuring v. Williams*, 65 Mo. 447. But notice is not dispensed with. R. S., secs. 3505, 3506, 3507. (2) The circuit court of Butler county had no jurisdiction. *McDonald v. Thurman*, 17 Mo. 603 ; *Nelson v. Brown*, 23 Mo. 19. Nor would any proceeding be sustained in a county other than that from which the execution issues. *Pettus v. Elgin*, 11 Mo. 411. (3) The plaintiff could not try the question of homestead, under the circumstances, no notice having been given. If the property was acquired after the debt became due to plaintiff, it could not be held exempt as a homestead. *Breck v. Ashbrook*, 59 Mo. 200 ; *Stevers v. Horn,* 62 Mo. 473 ; *O'Shea v. Payne*, 84 Mo. 129.

*S. M. Chapman* and *W. T. League* for respondent.

(1) The defendant, being the head of a family, was clearly entitled to a homestead interest in the premises on which he resided. R. S., sec. 2689 ; Thompson on Homesteads, secs. 101, 102. If, in the judgment of the execution plaintiff, defendant's homestead exceeded the value of fifteen hundred dollars, he should have proceeded under section 2690, Revised Statutes. *Vogler v. Mont-*

*gomery*, 54 Mo. 584; Thompson on Homesteads, secs. 165, 409, 639, 640; Rorer on Judicial Sales [2 Ed.] secs. 1393, 1394, 1395; *Lallement v. Poupeny*, 15 Mo. App. 577. Under the statute of this state possession alone is a sufficient interest to entitle the judgment debtor to maintain a right of homestead in premises used and occupied by himself and family as their home place of residence. *Vogler v. Montgomery*, 54 Mo. 584; Thompson on Homesteads, secs. 164, 167, 174; *Deere v. Chapman*, 25 Ill. 610; *Potts v. Davenport*, 79 Ill. 456. The property sought to be sold is proven to belong to Mrs. Bartlett. It was exempt from sale under this execution, and the sheriff would have been liable had he proceeded to sell it. Rorer on Judicial Sales [2 Ed.] secs. 1387, 1388; *State, etc., v. Romer*, 44 Mo. 99; *Buck v. Colbath*, 3 Wall. 334, 344; *Bean v. Hubbard*, 4 Cush. (Mass.) 85. (2) The circuit court of Butler county had jurisdiction in the premises. Where process is sent to a county, other than that in which it issued, to be executed, the court of the county in which the writ is being executed may control the officer to the extent that he shall not make a wrongful use of it. (3) The notice given was such as required by the practice of the court, and was, therefore, sufficient. The presumption is in favor of the regularity of the proceedings of the trial court, and that, in the hearing and disposal of motions that its action was according to its own established rules of practice. If in this case the motion was not so heard it should have been shown by appellant. *Henze v. Railroad Co.*, 71 Mo. 643.

BLACK, J.—The plaintiff, in 1875, obtained a judgment in the circuit court of St. Louis county against the defendant for $395. On the fourth of December, 1883, he had an *alias* execution issued on the judgment, directed to the sheriff of Butler county, returnable to the February term of the circuit court of St. Louis county. The sheriff of Butler county levied the execution upon

property in that county and advertised the same for sale on the twenty-second of January, 1884. On the day preceding the day of sale, the defendant filed a motion in the circuit court of Butler county, that court being then in session, to quash the levy, on the ground that the defendant was the head of a family, and that the property levied upon was his homestead and occupied as such. The court heard and sustained the motion on the day after it was filed.

The first question is whether the circuit court of Butler county had any jurisdiction to hear and determine the motion, inasmuch as the writ issued from another circuit court. Section 2405, Revised Statutes, 1879, gives the execution debtor a right to apply to the judge of the court out of which the execution issued, to have the same stayed, set aside or quashed. That section, as has been several times decided, furnishes a remedy in the vacation of the court, and in no way interferes with the right of the defendant to make his motion in open court. 44 Mo. 415; 65 Mo. 446. The question, therefore, still remains: In what court must the motion to quash the levy be made? The general rule undoubtedly is that every court has the exclusive control of its process, and no other court has a right to interfere with or control it. *Nelson v. Brown*, 23 Mo. 19; *Keith v. Plemmons*, 28 Mo. 104. Hence, an injunction cannot be issued by one court to enjoin an execution issued from another court. *Pettus v. Elgin*, 11 Mo. 411. Again, the circuit court of one county has no jurisdiction to quash an execution in the hands of the sheriff of that county where the execution issued from the circuit court of another county. *McDonald v. Tiemann*, 17 Mo. 603.

Counsel for the respondent concede the binding force of these authorities to the extent that the court issuing the execution is the proper tribunal to pass upon any alleged defects in the writ, but insists that the

court of the county where the writ is being executed may control the officer to the extent that he shall not make a wrongful use of it. This line of reasoning is based upon the notion that the officer in the execution of the writ is the officer of the court of the county to which the writ is sent. The principles which are at the foundation of the cases before cited are that each court has the sole control of its process, and that the sheriff of the county to which the execution is sent is, as to that writ, the officer of the court from which the writ emanated. We cannot see any substantial ground for the distinction pressed upon our consideration. The circuit court of Butler county had no more power to quash the levy than it had to quash the execution. Any other conclusion must lead to much inconvenience and confusion. The law allows executions to be issued from the court of one county to the sheriff of another, and the party has his remedy in the court from which the process is issued ; and it is no hardship that he should be obliged to go to that court for relief because of any abuse of the writ. The fact that the land levied upon is situate in Butler county can make no difference. Were this a proceeding to set aside the deed made by virtue of a sale under the execution, then the court of Butler county would be the proper tribunal in which to bring the suit. With this conclusion the other questions need not be considered.

The judgment quashing the levy is reversed. The other judges concur.