MICHAEL KINEALY, Appellant, v. PATRICK M. STAED *et al.*

·St. Louis Court of Appeals, November 21, 1893.

1. **Injunction:** PRELIMINARY RESTRAINING ORDER: EXACTION OF NON-STATUTORY BOND. A temporary injunction was granted on condition that the plaintiff should give bond in statutory form, and, furthermore, execute a bond of indemnity to the party enjoined as trustee for persons who were not parties, but whose interests were affected, and both bonds were given. Subsequently the injunction was dissolved, and the plaintiff moved for the cancellation of the non-statutory bond. *Held*, that this motion was without merit.

2. ————: JURISDICTION OF CIRCUIT COURTS: INTERFERENCE WITH PROCESS OF SUPREME COURT. *Held*, BOND, J., expressing no opinion, that a circuit court has no power to interfere with process of the supreme court, and that it has, therefore, no jurisdiction to restrain the levy of an execution issued by that court, where the execution creditor is insolvent, and the execution debtor holds an unpaid judgment against him for more than the amount of the execution.

3. ———: ENFORCEMENT OF DORMANT JUDGMENT: STATUS IN EQUITY OF HOLDER OF SUCH JUDGMENT. *Held*, by BOND, J., that a judgment which has lain dormant for more than ten years does not entitle its owner to any relief in equity beyond that of a general creditor of the judgment-defendant, and, accordingly, that it is not a proper basis for an injunction against the enforcement of another judgment obtained by such defendant against such owner.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Ford Smith* for appellant.

(1) The motion to vacate so much of the order granting the temporary injunction as required plaintiff to give bond to the sheriff as trustee, and to cancel said bond, should have been sustained. It imposed upon plaintiff conditions not imposed by statute, and not warranted by law. It compelled plaintiff to submit to an illegal requirement or lose his legal rights. *Rubelman Hardware Co. v. Greve*, 18 Mo. App. 6, 9, 10. (2) Plaintiff's judgment against Patrick Macklin is a valid subsisting claim—a debt—even if no execution could issue on it. Equity will restrain an insolvent debtor from enforcing a judgment against a creditor, and compel him to set off the account against his judgment. *Payne v. London*, 1 Bibb, 518; *Marshall v. Cooper*, 43 Md. 46; *Baker v. Ryan*, 67 Iowa, 708. It will do so, even when the claim of the complainant in the bill to enjoin the execution of the judgment is an open account. *Levy v. Steinbach*, 43 Md. 212; *Lindsay v. Jackson*, 2 Paige, 581; *Boone v. Small*, 3 Cranch C. C. Rep. 628.

*John B. Dempsey* for respondents.

Plaintiff's petition cannot be maintained under the decision of the supreme court in *Mullen v. Hewitt*, 103 Mo. 639.

ROMBAUER, P. J.—The plaintiff's petition states
in substance the following facts. In December, 1873,
one Ferguson recovered a judgment against the defend-
ant, Patrick Macklin, for $626. This judgment, by
successive assignments, became the property of plain-
tiff in 1877. The plaintiff has ever since been the
owner thereof; it is wholly unpaid, except fifty dollars
thereof, and now amounts, with interest, to seventeen
hundred dollars and more.

In March, 1886, Patrick Macklin and Ann, his
wife, and. the defendant, Haydel, as trustee for such
wife *recovered in the supreme court of Missouri* a judg-
ment for costs against the plaintiff, the entire judgment
being for $750 or less. Of this judgment $480 were
for costs laid out by Patrick Macklin, and the defend-
ant Haydel had no substantial interest in any of them.
Ann Macklin died in the year 1886, and no administra-
tion was ever taken out on her estate. Patrick Macklin
has been wholly insolvent ever since 1875.

The petition then proceeds to state that the Fer-
guson judgment, owned by plaintiff, far exceeds in
amount the claim of defendant Macklin for costs in
the execution awarded to him and others *by the supreme
court*; that, after said execution was issued, the plaintiff
presented his petition to the supreme court to quash
or recall the same; that the supreme court overruled
this petition, and on March 23, 1891, ordered an exe-
cution to issue to the defendant, Staed, who is sheriff of
the city of St. Louis, who took no action thereon
until the twenty-third of March, 1891; that the defend-
ant, Staed, at the instance of the defendant, Macklin,
threatened to levy said execution on property of the
plaintiff; that the plaintiff is willing to pay all costs in
said execution belonging to other persons than said
Macklin into court, as soon as their amounts are ascer-
tained; that, if the plaintiff should be compelled to pay

said execution, the said Ferguson judgment now owned by him would be wholly lost to him owing to the insolvency of said Macklin, and that he has no· remedy except in equity.

"Wherefore plaintiff prays that an account be taken of the amount of said costs, in truth and in fact belonging to, or accruing to, said Patrick Macklin, and that said amount be credited to this plaintiff on the costs set forth on, and in, said execution and on said judgment against said Macklin, and plaintiff be only required to pay of said costs the balance remaining after deducting the amount so belonging to, or accruing to, said Patrick Macklin, and that *said Staed be restrained and enjoined from taking, making or maintaining said levy under said execution, or from enforcing the same, if any levy has been made,* or from summoning any persons as garnishees thereunder, and be enjoined from, *in any manner, proceeding to enforce said execution* or paying any money realized under said execution, if any,· until further orders and decree of this court, and for such other and further relief as may be just."

On this petition one of the circuit judges in vacation issued a restraining order against the defendant sheriff. The order was made on condition that the plaintiff, besides his ordinary injunction bond, give a bond to the sheriff, as trustee for other parties than Macklin entitled to costs on the injunction, to pay them what was admittedly due to them as soon as the exact amount would be ascertained. The plaintiff gave such a bond, but afterwards moved that the same be cancelled as unwarranted by law. The circuit court overruled the motion, and the plaintiff excepted and still excepts. The defendants thereafter filed a general demurrer to the plaintiff's petition, which the court sustained, and, the plaintiff declining to plead further, judgment was entered against him on the demurrer,

from which judgment he prosecutes the present appeal.

. The plaintiff's first assignment of error relates to the action of the court in refusing to cancel the additional bond exacted from him as a condition precedent to granting the injunction. This assignment rests upon an entire misconception of the plaintiff's rights. It is evident that, upon the statements of the petition, the plaintiff was entitled to no injunction whatever, unless he first tendered the amount which was admittedly due. That costs, the validity of which was not questioned, were due to other parties than Macklin stands conceded, and for that ground alone the court would have been justified in refusing an injunction altogether. *Overall v. Ruenzi*, 67 Mo. 203-207; *Dickhaus v. Olderheide*, 22 Mo. App. 76-79. It is no answer to say that the plaintiff did make a tender to pay such costs *as soon as ascertained*. It was his duty to ascertain them, and make a tender, before he could ask for the equitable interposition of the court, and the difficulty of the task furnishes no exoneration from the duty. The ordinary injunction bond would have furnished no security to any person not a party to the proceeding, nor interested in the subject-matter of the controversy (Revised Statutes, 1889, sec. 5498), since conditions inserted in an injunction bond in excess of its statutory requirements are unenforceable by anyone. *Rubelman Hardware Co. v. Greve*, 18 Mo. App. 6. Beyond this we cannot conceive how the plaintiff, having obtained the benefit of an injunction on certain terms, could reject the terms and still claim the benefit of the order. There would be no merit whatever in the first assignment of error, even if the point were material.

The second assignment of error presents a very grave question. Conceding that the facts stated in the petition furnish grounds for the interposition of a

court of equity, on what principle can the circuit court interfere with the process of the supreme court of the state? The execution sought to be enjoined in this case is not the execution of the circuit court of the city of St. Louis, but that of the supreme court. It was decided as early as *Pettus v. Elgin*, 11 Mo. 411, that an injuction cannot, on the application of a defendant, issue from one court to enjoin an execution from another, although the courts be of co-ordinate jurisdiction. That has always been the law of this state. In *Mellier v. Bartlett*, 89 Mo. 134, where the question arose on a motion to quash, Judge BLACK, who delivered the opinion, said: "The general rule undoubtedly is that every court has the exclusive control of its process, and no other court has a right to interfere with or control it," citing *Nelson v. Brown*, 23 Mo. 19, and *Keith v. Plemmons*, 28 Mo. 104. The learned judge adds: "The principles which are at the foundation of the cases before cited are, that each court has the sole control of its process, and that the sheriff of the county to which the execution is sent is, as to that writ, the officer of the court from which the writ emanated." The fact that the supreme court cannot issue an original writ of injunction, as decided in *Lane v. Charless*, 5 Mo. 285, does not invest any other court with power to enjoin the process of the supreme court; it *at most* shows that cases may arise where an equitable right may be lost for want of a proper tribunal to give it effect. But no reason is apparent why the supreme court could not have granted relief in another form to the plaintiff (provided he was entitled to it), as every court has an inherent power to control its own process.

The want of jurisdiction affirmatively appears from the allegations in the plaintiff's petition. The demurrer thereto was, therefore, properly sustained, even though it

was not placed on that ground. Jurisdiction of the court over the subject-matter of the action is never waived. Revised Statutes, 1889, section, 2047. As we encounter this jurisdictional question upon the threshhold and must decide it, we have neither the power nor the inclination to enter into the merits of the controversy. For the purposes of this case it is immaterial whether the case of *Mullen v. Hewitt*, 103 Mo. 639, furnishes any authority by analogy for denying equitable relief to the plaintiff upon the facts stated in the petition.

The judgment is affirmed. Judge BIGGS concurs. Judge BOND concurs in the result.

### CONCURRING OPINION.

BOND, J.—I think the ruling of the trial court in sustaining a general demurrer to appellant's petition, for the reason that it did not state a cause of action, should be affirmed by this court on *that ground*. According to the allegations of the appellant's petition it seeks to enforce a judgment obtained against the respondent, Patrick Macklin, more than ten, and nearly twenty, years before the institution of the present suit.

The alleged equities are that Patrick Macklin is, and has been, insolvent since 1875, and, therefore, the appellant, who became the assignee of said judgment in 1877, has been unable to enforce execution thereof; that said Patrick Macklin is the real owner of the bulk of a judgment of $750 recently rendered against the appellant, and in favor of Macklin and others, by the supreme court of this state for certain costs, which latter judgment said Macklin is endeavoring to enforce against the appellant. The prayer is for an accounting to ascertain the interest of Patrick Macklin in the joint judgment held by himself and others, and the application of the amount due Macklin *personally* under the

judgment of the supreme court to the satisfaction *pro tanto* of the judgment assigned to the appellant, and to that end for an injunction against the enforcement of said judgment of the supreme court.

It has been distinctly announced by the supreme court that a judgment, which has lain dormant for more than ten years, does not entitle its owner to any relief in equity beyond that of a *general creditor* of the defendant in the judgment. *Mullen v. Hewitt*, 103 Mo. 639. This is *decisive* of the correctness of the ruling of the trial court in sustaining a general demurrer to the allegations of plaintiff's petition. It is not necessary in this case to discuss the question as to the power of the circuit court, in the exercise of the full chancery jurisdiction devolved upon it in this state, to enjoin a judgment at law even of the supreme court in a proper case, and for equitable defenses arising *since* their obtention.

The affirmative of this proposition is not lacking in support. *McClellan v. Crook*, 4 Md. Ch. 398; *Humphreys v. Leggett*, 9 How. U. S. 297; affirmed, 21 How. 66, and 4 Otto, 658; *Perkins v. Woodfolk*, 8 Bax. (Tenn.) 411, 415; *Smith v. Van Bebber*, 1 Swan, 110, 114; *Kinzer v. Helm*, 7 Heisk. 672; *Palmer v. Malone*, 1 Heisk. 549; *Greenfield v. Hutton*, 1 Bax. (Tenn.) 216; *Montgomery v. Whitworth*, 1 Tenn. Ch. 174; High on Injunctions, section 265, last clause; Spelling on Extraordinary Relief, section 153. I am, therefore, unwilling to decide this question until necessary, and upon the fullest consideration.

For these reasons I concur in so much of the opinion of my associates only as affirms the ruling of he lower court.