SCRUTCHFIELD V. SAUTER et al., *Plaintiffs in Error.*

### Division One, February 5, 1894.

1. **Execution:** INJUNCTION. An injunction can not issue from one court to stay an execution issued from another court.

2. ——: ——: SUIT TO ESTABLISH TITLE: JURISDICTION. Where, however, suit is brought by one not a party to an execution, to stay the same and to establish title in the plaintiff to the land levied on and the injunction is refused, the circuit court of the county in which the land is situated has jurisdiction of the action although the execution issued from the circuit court of another county.

3. **Estoppel:** WIFE: HUSBAND: SALE OF GOODS. Where goods were bought by the wife for the use of the family but credit was given to the husband, as had been the custom between the parties, the wife is not estopped when a judgment is rendered against the husband therefor, from claiming as her own, land standing in his name, she not having knowingly concealed her title and the seller not having relied on the fact of the land being in the husband's name in giving credit for the goods.

4. **Wife:** WITNESS: STATUTE. A wife, where she is the real party in interest, is a competent witness, under Revised Statutes, 1889, for all purposes, except as to communications from her husband.

5. ——: ——: ——. She is competent in such case to prove her own agency. (*Williams v. Williams*, 67 Mo. 661, explained.)

6. **Married Woman's Act:** WIFE'S PROPERTY: HUSBAND'S REDUCTION TO POSSESSION. Where a husband reduces his wife's property to possession before the married woman's act of 1875, a subsequent restitution by a deed of gift of land is based on a sufficient consideration and is valid.

7. ——: ——: ——. Where, however, the land so conveyed to the wife is afterwards sold and the proceeds are not reduced to his possession in the manner provided by the statute (R. S. 1889, sec. 6869), but are used by the husband in the purchase in his own name of other land, he holds the legal title in trust for the wife.

*Appeal from Cooper Circuit Court.* — HON. E. L. EDWARDS, Judge.

AFFIRMED.

*John Cosgrove* and *J. H. Johnston* for plaintiffs in error.

(1) The circuit court had no power to interfere with an execution issued from the circuit court of Moniteau county. *Mellier v. Bartlett*, 89 Mo. 134. (2) It was error to sustain the, demurrer to part of the answer to the amended petition. Where an estoppel is relied upon, it must be pleaded. *Ferneau v. Whitford*, 39 Mo. App. 311. The facts set up constituted a good defense, and they were properly pleaded; and the demurrer should not have been sustained. *Broy v. Marshall*, 75 Mo. 327; *Noble v. Blainit*, 77 Mo. 235; *Hammerslough v. Cheatham*, 84 Mo. 13. (3) The defendant in error, being a married woman, by her conduct and course of dealing, though she may not have actually designed to entrap or defraud the plaintiffs in error, who were induced to believe that M. L. Scrutchfield, her husband, was the owner of the property upon which he obtained credit, should be estopped from asserting the contrary when his creditors demand that their debt shall be satisfied out of such property. *Cotterel v. Spiers*, 23 Mo. App. 35; *Rumells v. Gerner*, 80 Mo. 483; *Hammershott v. Henry*, 63 Iowa, 744; *Hart v. Giles*, 67 Mo. 175; Herman on Estoppel, sec. 1111; *Showers v. Simmons*, 28 Am. Rep. 372; *Besson v. Eveland*, 26 N. J. Eq. 471; *Wilder v. Wilder*, Am. St. Rep. 130; *Dobbin v. Cardiner*, 16 Am. St. Rep. 683. (4) It is well settled that where one of two innocent persons must suffer, the loss should fall on the party who by acts or conduct, occasioned such loss. *Guffey v. O'Reiley*, 88 Mo. 429. (5) It was error in the court to permit defendant in error to testify that her husband was her agent; there was no formal appointment. *Rogers v. Bank*, 69 Mo. 560; *Pump Co. v. Green*, 31 Mo. App. 269. There was nothing to establish the

Scrutchfield v. Sauter.

agency, except it were the private conversations between the husband and wife. The agency could not be established in that manner. *Ayers v. Ayers*, 28 Mo. App. 97. (6) When Mr. and Mrs. Scrutchfield were married, in the spring of 1858, she gave to him all the property she owned; it became his by her voluntary acts. *Alexander v. Lydick*, 80 Mo. 341. (7) The property in question was subject to sale under the execution issued from the judgment in favor of plaintiffs in error against M. L. Scrutchfield, even though it was her separate property. The debt upon which plaintiffs in error sued and recovered judgment, was created for necessaries for the wife and family of M. L. Scrutchfield. *Sauter v. Scrutchfield*, 28 Mo. App. 150.

*D. W. Shackleford* for defendant in error.

(1) The court did not err in sustaining the demurrer to part of the answer. There is no doubt but that *inter partes*, an injunction to stay an execution; a motion to quash an execution; a motion to set aside a sale under an execution, and the like, would have to be in the court from which the execution was issued. *Pettus, Adm'r, v. Elgin*, 11 Mo. 411; *McDonald v. Tieman*, 17 Mo. 603; *Nelson v. Brown*, 23 Mo. 13; *Keyte v. Plemmons*, 28 Mo. 104; *Mellier v. Bartlett*, 89 Mo. 134; *Gilbert v. Renner*, 95 Mo. 151. (2) The plaintiff in this suit alleges that she is the real owner of the property in controversy. The defendants deny such ownership. No court, save the one of the county in which the land is situate, has jurisdiction to determine this issue. 2 R. S. 1889, sec. 2011; *Keyte v. Plemmons*, 28 Mo. 104. (3) The execution was not stayed, and might have been levied on any property belonging to the defendant in the execution. Even had the demurrer to this part of the answer been improperly

sustained, it was a harmless error, as the injunction had been dissolved and damages assessed thereon. A cause will not be reversed, because of an error from which no injury resulted. *Straat v. Hayward,* 37 Mo. App. 590; *Cooksey v. Crooks,* 23 Mo. App. 463; *State ex rel. v. Edwards,* 78 Mo. 473; *Blewett v. Railroad,* 72 Mo. 583. (4) An act, or silence on the part of the plaintiff in this case, to work an estoppel against her, must have been prior to, or at, the time the credit was given her husband. *Gale v. Ins. Co.,* 33 Mo. App. 664. (5) How could the plaintiff in this case be expected to notify Sauter and Adams of a fact which she herself did not know? Her silence, to work an estoppel, must have been willful. *Galbreath v. Newton,* 30 Mo. App. 380; *Kuhl v. Mayor,* 23 N. J. Eq. 84; 2 Herman on Estoppel and Res Adjudicata, p. 912, sec. 785; 2 Herman on Estoppel and Res Adjudicata, p. 1087, sec. 963; *Smith v. Hutchison,* 61 Mo. 83; *Blodgett v. Perry,* 97 Mo. 263. (6) The plaintiff was a competent witness to prove the agency of her husband. *Currey v. Stephens,* 84 Mo. 442. (7) It is immaterial that "Mrs. Scrutchfield, after their marriage in 1858, gave her husband all her property, and it became his by her voluntary acts;" he afterwards gave it to her and it "became hers by his voluntary acts;" and that, too, long before he obtained credit for a single item of the account on which judgment was obtained against him.

MACFARLANE, J.— Defendants were partners doing business in Boonville prior to the year 1887. During the years 1885 and 1886 M. L. Scrutchfield, husband of plaintiff, became indebted to them for goods sold his wife, the plaintiff, and his daughter. Upon this indebtedness they recovered a judgment against the husband of plaintiff in the circuit court of Moniteau county on the ninth day of June, 1889, for $153.28.

On the thirteenth day of June execution was issued on this judgment, directed to the sheriff of Cooper county, and was by him levied upon certain real estate situate in the city of Boonville in said county. This suit was commenced by bill in equity to enjoin the sheriff from selling and to vest the title to said land in plaintiff.

Plaintiff charged in her petition that her husband while acting as her agent, and with her money, purchased said real estate, and without her knowledge or consent took the title in his own name. A temporary injunction was granted which was subsequently dissolved. M. L. Scrutchfield was made a party defendant. After the dissolution, the suit was prosecuted against Sauter & Adams, the judgment creditors, and plaintiff's husband. Defendants Sauter and Adams alone answered, denying each allegation of the petition and as special defenses, *first*, "that the execution which was sought to be stayed, having issued from the circuit court of Moniteau county, the circuit court of Cooper county had no jurisdiction of the suit; *second*, that plaintiff bought the goods for herself and daughter, both being members of M. L. Scrutchfield's family, and had them charged to him, and she is estopped as to defendants to claim said property as her separate estate." A demurrer to each of these defenses was sustained.

Said defendants answered further, *first*, that plaintiff knowingly permitted the title to remain in her husband and that they, believing him to be the owner thereof, and relying thereon, were induced to give credit to her said husband, of which she had knowledge, and that, as against defendants, she should be estopped to claim the property; and, *second*, that the suit was a fraudulent collusion between plaintiff and her husband for the sole purpose of defeating the collection of a debt due defendants for necessaries pur-

chased and used by the family. Plaintiff by reply denied any knowledge that the title to the land was in her husband prior to the date of the purchase of the goods.

The evidence showed that on her marriage in 1859 plaintiff owned property worth from $5,000 to $10,000. This was reduced to the possession of the husband and was nearly all lost prior to 1862, at about which date he purchased a farm in Cooper county for $1,600 taking the title in his own name. This he afterwards sold, and, in 1866, purchased another farm, in said county, for which he paid $5,000, and also took the title in his own name. In about 1876 he conveyed this farm to a trustee for the sole and separate use of plaintiff. They continued to reside on this farm until about 1882, when it was sold for $5,000, and M. L. Scrutchfield received the purchase money with which he purchased another farm, paying $3,500 therefor, and taking the title in his own name. This he sold in 1883 for $4,250, and with the money realized from the sale of these two farms he bought and improved the land in controversy. The title to this land was taken in his name.

Plaintiff testified that her husband received the purchase price of the last mentioned farms as her agent and the purchase of the property was for her, and she supposed the title was in her name until after the indebtedness to defendant had been incurred. The husband also testified that he managed the farms and business as agent for his wife, and never told her that the title to this property was in his name. He also testified that he collected the rents of the property and applied them to the support of the family, and paid the taxes.

Defendant Sauter testified that Mr. and Mrs. Scrutchfield had been customers of their house con-

tinuously since about 1872, running an account in the name of the husband; that the goods for which the judgment was rendered were charged to Mr. Scrutchfield and the credit was given to him; he was considered good and they had no doubt of his financial standing; they supposed he owned the property in dispute. They gave him credit while he lived upon the farm and did not know that it was in plaintiff's name.

Plaintiff was permitted over the objection of defendants to testify that she had authorized and appointed her husband to act as her agent in purchasing the land.

Defendants offered to prove that two or three years prior to the trial plaintiff and her husband agreed upon a division of this property between them. This evidence was excluded by the court.

Defendants insisted that plaintiff was under the statute incompetent to testify as a witness and for that reason objected to her evidence. This objection the court overruled.

I. Did the circuit court of Cooper county have jurisdiction to restrain the sheriff from selling the property in said suit under an execution issued from the circuit court of Moniteau county? Defendants insist that under the statute (sec. 4967) and the general law, the court from which the execution was issued had the exclusive right to control it and no other court has a right to interfere.

We think the position of defendant sustained by the decisions of this court. *Mellier v. Bartlett*, 89 Mo. 136 and cases cited. The statute does not confine the proceedings for obtaining relief to the defendant in the judgment, but "any person against whose property an execution or order of sale shall be issued" is entitled to the remedy afforded by the statute and is also confined to the forum provided. An injunction to restrain a sale under execution has the effect of staying the

execution within the meaning and intent of the statute. One object of the statute is to maintain respectful comity among the courts of the state, and to avoid conflicts of jurisdiction by preventing any interference by one with the judgments and processes of another.

The same rule is enjoined under section 5492, which provides that proceedings on an injunction to stay a suit or judgment shall be had in the county where the judgment was rendered or the suit is pending, and was enforced in *Pettus v. Elgin*, 11 Mo. 411. The purpose of the statutes should not be defeated by the mere introduction into the proceedings of parties who are strangers to the judgment.

The substantial relief sought under the petition was to declare that M. L. Scrutchfield took and held the title of the land as trustee for plaintiff and that the title by proper decree might be vested in her. The land was situate in Cooper county and the circuit court of that county had undoubted jurisdiction of the subject-matter of the suit. The prayer for an injunction against enforcing the lien of the execution against the property was not inconsistent with the other relief sought. The record shows that the temporary injunction was dissolved and that the sheriff died. The injunction was presumably dissolved for the reason that the court had no jurisdiction to stay the execution. Thereafter the court proceeded within its jurisdiction to settle the controversy between the parties. The matter which defeated the jurisdiction was eliminated from the case. No jurisdictional objection was made to subsequent proceedings or on account of any misjoinder of parties. No reason appears for the entire abatement of the suit.

II. The plea of estoppel to which the demurrer was sustained and the one upon which a trial was had may be considered together. Prior to the married

woman's act of 1889 the doctrine of equitable estoppel only applied to her in respect to her separate estate and in consequence of her ownership of it. *Rannells v. Gerner*, 80 Mo. 483 and cases cited.

There might be some question whether the claim of equitable ownership of plaintiff to this land is such as would estop her to assert such claim as against the creditors of the husband. Conceding that it would apply to her, we do not think the evidence in support of estoppel sustains the plea. In order to constitute an equitable estoppel there must have been, not only a false representation or concealment of the facts, but they must have been knowingly made by the one to be estopped, and believed and acted upon by the one claiming the estoppel. *Blodgett v. Perry*, 97 Mo. 272 and cases cited.

The evidence in this case is wholly insufficient to establish two of these essential elements. The evidence that plaintiff did not know, when the credit was given, that the title to the land was in her husband we think establishes the fact that the concealment of the title was not knowingly made. We think it also conclusively appears from the testimony of defendant Sauter himself that he did not give credit to plaintiff's husband in reliance upon his ownership of the property. Credit had been given him, without question, for years including the period in which the title of the farm was in plaintiff. During that time no inquiries were made as to the state of the title to any of the property in the possession, or control of plaintiff, or her husband. That the husband managed the business, paid the taxes and collected the rents, if known to defendants, were acts not inconsistent with the wife's ownership. The division of labor between husband and wife usually places those duties upon the husband whether one, or the other of them is the owner of the property. The

evidence, we think, clearly establishes that plaintiff did not knowingly conceal her title to the property and that defendant, in giving the credit, did not rely upon the fact that the title appeared to be in her husband.

III.   In order to prove knowledge in plaintiff that the title to the property was in the husband, defendants offered to prove that two or three years before the trial, she and her husband separated and had a division of the property, and that he made her a deed to a portion of it.   This evidence was excluded by the court. It appears from the evidence that the last item of credit given M. L. Scrutchfield was on May 19, 1886, and the trial occurred July 9, 1889, more than three years after the account closed.   Thus it appears that the transaction defendant attempted to prove was after the credit had been given, and plaintiff's knowledge, at that time, was consequently immaterial.   Neither do we think, had such settlement been made prior to giving the credit, that it would have been at all conclusive of the knowledge which it was intended to prove, nor would it have overcome the positive evidence of want of such knowledge.   Treating the evidence as admitted the result would not be changed.

IV.   It has long been the settled law in this state that the statute (sec. 8922) defining the competency of the husband and wife, to testify in their own behalf and for each other did not intend to exclude the wife from testifying in a case in which she was a real party in interest. *Tingley v. Cowgill*, 48 Mo. 291; *Fugate v. Pierce*, 49 Mo. 442; *O'Bryan v. Allen*, 95 Mo. 72.

The wife was a competent witness to prove that she had appointed her husband as her agent to purchase the property and to manage her business.   This testimony was not to "any admission or conversation of her husband" within the meaning of the *proviso* of said section.   Her testimony was to a fact merely and

not to a communication of the husband.

The ruling in *Williams v. Williams*, 67 Mo. 661, that the wife was not a competent witness to prove her own agency of her husband was not put upon the ground of being an admission or conversation of the husband, but upon the fact that she was not in that case a competent witness for any purpose until her agency was established. She was therefore incompetent to prove her agency. In this case plaintiff was a competent witness for all purposes except as to communications from her husband. In *Curry v. Stephens*, 84 Mo. 446, a husband was permitted to testify to his wife's agency. In respect to their competency as witnesses, when parties, having an interest in the suit, the statute makes no distinction between husband and wife.

V. The evidence was very conclusive that the property plaintiff owned at her marriage was reduced to his possession by her husband long prior to the act of 1875. Under the law then in force the property vested absolutely in the husband. This fact did not, however, prevent the husband from making restitution to the wife, indeed it furnished a moral consideration for the voluntary gift of the farm out of which all her rights are claimed. This deed of gift, as between the parties, and subsequent creditors was valid and vested in plaintiff the title to the land conveyed as completely as though she had acquired it by inheritance. This farm was sold, and the money received went into the hands of the husband. This money was traced, beyond any dispute, into the property in controversy. The statute provides that: "All real estate and personal property * * * which may have come to her [a married woman] during coverture, by gift, bequest or inheritance, or by purchase with her separate money * * * shall * * * be and remain her separate property

and under her sole control." Sec. 6869. There is no pretense that the husband reduced the proceeds of the farm to his possession in the manner made necessary under the statute. The proceeds of the sale then, while it remained in the hands of her husband, and the property into which it was invested became, and remained, the separate property of plaintiff by virtue of the terms of the statute. The husband holds the legal title in trust for her and she has the right to have it vested in herself.

VI. The character of the goods purchased which made up the account upon which the judgment was rendered was not shown. There was no finding by the circuit court that the liability of the husband was for necessaries for the wife or family; nor did defendant undertake to charge the property with any such liability. There has been some change in the statute (sec. 6869), since the latest decisions of this court and we refrain from expressing an opinion as to the legal effect of such change. We now decide only that plaintiff is the owner of the property and the title was properly vested in her by the circuit court, and that defendants can not enforce their judgment against it as the property of her husband.

Judgment affirmed. All concur, except BARCLAY, J., who is absent.

---

WILSON v. TAYLOR *et al.*, *Plaintiffs in Error.*

Division One, February 5, 1894.