MARY C. LOOMIS, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 1, 1915.

1. **NEGLIGENCE: Measure of Damages: Facts and Circumstances of Negligence.** In an action by the widow of a passenger on a street railway for the death of her husband through the negligence of the company's servants, under Sec. 5425, R. S. 1909, in order that the jury should be informed so as to intelligently exercise their discretion in fixing upon the amount of damages, evidence should be received showing, not only the pecuniary loss occasioned by the death, but *also* the facts and circumstances constituting the negligence on the part of the company attending the killing.

2. ————: **Deceased Husband: Business Man.** A deceased husband killed through the negligence of a street railway company, though not engaged in what is popularly known as an active business, is still a business man with an earning capacity, if he cares for and manages his estate, loans his money, collects the income and supports his family; and his death is a

pecuniary loss, which must be considered by a jury in exercising their discretion as to the amount of damages to be allowed.

3. ———: **Contributory Negligence: Pleading.** Contributory negligence is a defense which must be pleaded in order to justify instructions on that character of defense.

4. ———: **Husband and Wife: Evidence.** A husband and wife were in the act of taking a street car on their way to church when the former was killed through the negligence of the company. In an action for damages by the widow, it was not improper to allow her to testify where they were going; as that was a statement of fact and not a conversation or communication received from the husband, in the sense of the statute.

5. ———: **Excessive Damages.** Under a statute permitting the facts and circumstances attending the killing of a passenger on a street railway to be shown as bearing on the question of damages, $6000 was *held* not to be excessive.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*John H. Lucas* and *Broaddus & Crow* for appellant.

*Gage, Ladd & Small* for respondent.

ELLISON, P. J.—Plaintiff's husband was killed by falling under one of defendant's street cars, and, charging his death to have been caused by defendant's negligence, she brought this action for damages, and recovered judgment for six thousand dollars in the trial court.

There were two cars, the rear one was called a "trailer." Plaintiff and her husband endeavored to board the rear of the front car. She succeeded, but he had taken hold of a hand bar and with one foot on the step and the other on the ground, was in the act of getting aboard, when the car suddenly started and threw him to the ground so that the rear car ran over him. Some of the evidence tended to show that a lady pas-

senger, who was in the act of leaving the car, was thrown by the sudden jerk, so that she struck deceased and caused, or partially caused, him to fall under the rear car.

There is no doubt of there being ample evidence tending to support defendant's negligence and contributory negligence was neither pleaded nor shown.

Defendant insists there was error in giving plaintiff's instruction number 2, and in refusing its instructions five and six, on the subject of the measure of damages. The one given for plaintiff directed that if the verdict was for her, it should be in a sum not less than $2000 nor more than $10,000, in the discretion of the jury, and that in determining the amount the jury might take into consideration the pecuniary loss occasioned to the plaintiff and also "you may take into consideration the facts constituting negligence on the part of defendant."

A similar instruction to plaintiff's was approved by the Supreme Court in Boyd v. Railroad, 249 Mo. 110, 120. But defendant contends that that part informing the jury that they may consider "the facts constituting negligence" was not considered by the court. On the contrary we think that part of the instruction was in the mind of the court, as is shown in the discussion found from pages 120 to 126, especially where it is stated on the latter page, that in order for the jury to exercise its discretion, evidence should be received of the deceased's age, condition of health, earning capacity "together with the facts and circumstances attending the killing."

Defendant's refused instructions were as follows:

"5. The court instructs the jury in this case that even if you should find that deceased was a passenger on the car mentioned in the evidence at the time of the injury complained of then you are further instructed in this connection that you are not authorized under the law to assess her damages in excess of $2000."

"6. The court instructs the jury in this case that if you believe from the evidence that the deceased had retired from business about four years prior to the injury and that he was not engaged in any gainful pursuit or calling at the time of the injury and had not been so engaged for about four years prior to the injury, and that during the said time deceased had not been earning any income on account of his own efforts either mentally or physically, but that he was a man of means and that by his last will and testament he willed all his property real and personal to the plaintiff, and that she is now deriving the income therefrom, then you are instructed that plaintiff did not suffer any pecuniary loss on account of the death of her husband, and it is your duty under your oath as jurors to refuse to allow her any sum whatever on account thereof."

The latter of these contains the grounds of defendant's view. Upon it has been built a short but singular argument based, we think, upon an abuse of the meaning of the words "business" and "earning capacity." Deceased was not, and, for four years, had not been engaged in what is properly described as an active business. That is, he was not a banker, merchant, railroad manager, or the like. But he had accumulated money and property, which he was managing and protecting and collecting the income thereof for the comfortable support of himself and plaintiff. We think that was prosecuting a very valuable business— one attended with happy results to plaintiff; the pecuniary loss of which, we must assume, has affected her seriously. The investment, care, management and preservation of an estate; the application of its income to a support of the family and to savings for the future of one's widow, or children, or both, requires a business talent which is entitled to better consideration than defendant seems willing to concede. The wording of the instruction is not based on the facts. The record does not justify an offer to submit the hypothesis that

deceased "was not engaged in any gainful pursuit or calling at the time of the injury;" and that he "had not been earning any income on account of his own efforts." The evidence shows deceased was an active, healthy and vigorous man, sixty-seven years old, and had been a hardware merchant for twenty-five years prior to four years before his death and that "he attended to his affairs, loaned out some money and took excellent care of what he had; and was plaintiff's only support."

Three other refused instructions are mentioned by defendant. The first left to the jury the question of law as to what facts would constitute a passenger. The second was but a repetition of what the jury were required to find by other instructions. Other parts of the instruction really invoked the defense of contributory negligence, though not pleaded. This cannot be done. [Taylor v. Met. St. Ry. Co., 256 Mo. 191, 216.] The same may be said of the third.

It seems that, in referring to taking the car, plaintiff was asked where she and her husband "were going and what he intended to do." This was objected to by defendant on the ground that she "could only gain this information through conversations with her husband." In the first place, the question and answer were manifestly harmless. Second the plaintiff is a party in interest in this action. And, third, the statement was not testimony "of an admission or conversation" within the meaning of the statute (Sec. 6359, R. S. 1909) but merely of the fact that they were going to church. [Scrutchfield v. Sauter, 119 Mo. 615, 624.]

Considering the scope of the inquiry as evidenced by the case of Boyd v. Railroad, supra, we do not think the amount of the verdict ($6000) would justify us in saying that the jury had abused the discretion which the statute has entrusted to them. We have already seen the Supreme Court has decided that in order that the jury may intelligently and wisely exercise a discre-

tion in awarding damages, there should be evidence, not only of the age, health and earning capacity of the deceased, but also of "the facts and circumstances attending the killing." In this case the evidence did not show a "criminal intent" mentioned in the statute, yet it did show most reprehensible carelessness. The sudden starting of the car was not only before deceased had time to get on the steps with both feet, but it caught and injured a woman passenger before she had time to alight.

We think the case properly tried and will affirm the judgment. All concur.