AARON WILSON, Respondent, v. CHARLES GEITZ, Appellant.

### St. Louis Court of Appeals, April 29, 1898.

1. **Poor Person**: COSTS: FEE BILL: STATUTORY CONSTRUCTION. Plaintiff, being permitted to sue *in forma pauperis,* brought an action against defendant. Plaintiff took a nonsuit with leave to move to set the same aside. The costs incurred by defendant, during the term at which proceedings were had, for witnesses and for the service of process by the sheriff were taxed against defendant. *Held,* that such costs may be collected by fee bills before the termination of the litigation between the parties; that such procedure is the method by statute for the collection of certain costs accruing during the progress of the litigation. (R. S. 1889, sec. 2918).

2. ———: ———. The intention of the legislature by section 2918, Revised Statutes 1889, was to exclude the idea that costs were not collectible in such suits if the plaintiff prevailed.

3. **Statutory Construction**. It was not the intention of the legislature to relieve the defendant from any liability for costs created by him on account of services for which a fee bill might issue under section 4980 of the Revised Statutes of 1889.

*Appeal from the St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

JOHN W. McELHINNEY for appellant.

Each party to a suit is primarily liable for the services rendered by witnesses and officers of court at his instance and request. At common law each party paid the fees, step by step, as the cause progressed, paying for each service when it was rendered. Our statute has not changed this liability, but has merely postponed the time of payment to the end of the term, and provided a method of enforcing collection. 2 R. S.,

sec. 498, p. 1211; Trail v. Somerville, 22 Mo. App. 308, 312; State ex rel. v. Ashbrook, 40 Mo. App. 64, 67, 69; Hoover v. R. R., 115 Mo. 77, 81; State v. Oliver, 116 Mo. 188, 191. Such primary liability for services rendered at the party's request, is in no way dependent upon the judgment, or whether the opposite party may be required to pay for the same; although the losing party may be adjudged to pay the costs of the opposite party, as well as his own. Adams v. R'y, 18 Mo. App. 373, 376. In permitting the plaintiff, on account of his poverty, to prosecute his suit as a poor person and have all necessary process, without fees, tax or charge, it was not intended to relieve the defendant of his primary liability to his own witnesses and others who perform services for him. The plaintiff's inability to pay costs is no reason why the defendant should not pay his costs. The statute does not say or mean that defendant shall be excused for a reason which applies solely to the plaintiff. In fact, the statute (in the last clause of section 2918) evinces special care to provide that the defendant shall not be excused from liability for costs. 1 R. S., sec. 2918, p. 747.

No brief filed for respondent.

BOND, J.—Plaintiff brought an action of damages against defendant, being permitted to sue as a poor person. At the conclusion of plaintiff's testimony the court indicated a demurrer to the evidence would be sustained, and plaintiff took a nonsuit with leave to move to set it aside. During the term at which these proceedings were had the fees of the witnesses summoned for defendant and the fees of the clerk and sheriff for the issuance and service of process on defendant's behalf were properly taxed against him. Upon request of the parties entitled and of his own

motion, the clerk, after the January term, 1897, certified a fee bill against said defendant to the sheriff for such costs, which after the lapse of thirty days from demand of payment was levied upon the property of defendant, who moved to quash such levy, and after the overruling of his motion appealed to this court.

It is insisted that no fee bills were issuable in this case because plaintiff prosecuted his action *in forma pauperis and failed to recover judgment.* To support this contention appellant invokes section 2918 of the Revised Statutes of 1889. After providing for permission to a plaintiff to sue as a poor person, the section in question concludes, to wit, "but if judgment is entered for plaintiff, costs shall be recovered, which shall be collected for the officers of the court." The intention of the legislature by this clause was to exclude the idea that costs were not collectible in such suits if the plaintiff prevailed. For, as in that event, the costs would fall upon a party not excused from payment, no reason, based on the legal leniency to plaintiff, would exist to prevent the collection of costs from defendant as in other cases. The legislature by this enactment left the defendant liable, just as he would have been if he had been cast in a suit brought in the ordinary manner for all costs. It was not the intention of the legislature in this provision to relieve the defendant from any liability for costs created by him on account of services for which a fee bill might issue under section 4980 of the Revised Statutes 1889. In proper cases fee bills may be issued against litigants under the provisions of that section. The agreed facts disclose that the fee bill in this case was for costs properly taxable under that section and that it was certified and levied in pursuance of the terms of that act. It has been repeatedly held that such costs may be collected by fee bills before the termination of

the litigation between the parties; that such a procedure is merely the method provided by statute for the collection of certain costs accruing during the progress of the litigation. Hoover v. R. R., 115 Mo. 77; State ex rel. v. Emerson, 74 Mo. 610; Watkins v. McDonald, 70 Mo. App. 357, and citations. The judgment of the trial court is affirmed. All concur.