HENRY OSTMANN, Appellant, v. MAX J. FREY et
al., Respondents.

St. Louis Court of Appeals, May 3, 1910.

1. INJUNCTIONS: Staying Proceedings: Operates on Parties
and not on Court. An injunction granted to stay proceedings
in a court of law does not operate as a restraint on such
court in the exercise of its jurisdiction, but operates upon
the parties to the action or ministeral officers of the court.

2. ———: ———: Judge Will not be Restrained. An injunction
will not be awarded to restrain a judge in the exercise of ju-
dicial functions.

3. JUSTICES' COURTS: Restraining Execution: Injunctions.
An injunction will not lie to restrain a justice of the peace
issuing an execution, his act in doing so being judicial.

4. INJUNCTIONS: Staying Proceedings: Adequate Remedy at
Law. An injunction to restrain a sale under an execution
issuing from a court or on a judgment given without jurisdic-
tion will not be awarded, for the reason an adequate remedy
at law exists, which may afford complete relief.

5. ———: ———: ———: Replevin. An injunction will not lie
to restrain further proceedings by a constable on an execution
levied by him, though the execution was issued after the judg-
ment was suspended by a perfected appeal and the levy was
under such circumstances that the constable would not be
liable for damages; there being an adequate remedy at law, by
replevin, for the property.

Appeal from St. Charles Circuit Court.—*Hon. Jas. D.
Barnett*, Judge.

AFFIRMED.

*Wm. H. Clopton* for appellant.

*Theodore C. Bruere* for respondents.

NORTONI, J.—This is a suit in equity. Plaintiff
sought an injunction in the circuit court against defend-
ant Frey, a justice of the peace, and defendant Meyer,

his constable.   After issue joined and full proof, the court denied the writ.   Plaintiff prosecutes the appeal.

The justice, Frey, issued an execution against the present plaintiff for costs incident to a judgment of conviction against him in the justice court in which plaintiff was required to give a peace bond.   The defendant constable levied this execution on certain personal property of plaintiff and advertised the same for sale to satisfy the cost bill in that case.   The object and purpose of the injunction prayed for is to restrain further proceedings under this execution.

It appears plaintiff had been convicted in the court of Frey, a justice of the peace, on a charge of having threatened great bodily harm against one Schafer and was required to give a bond conditional to keep the peace towards Schafer and all the people of the state. After the jury had returned a verdict in that proceeding, plaintiff avers he informed the justice of his desire to appeal from the judgment and performed all of the conditions on his part toward perfecting an appeal to the circuit court.   The petition recites that plaintiff executed and delivered the necessary affidavit and proper recognizance for appeal to the justice immediately after the trial and on the same day of his conviction; that the justice approved the same but failed to enter the filing of the papers in his docket and omitted as well to enter an order in his docket granting the appeal.   And, notwithstanding such appeal was duly perfected by plaintiff, defendant Frey issued an execution for the costs accrued in such case and defendant Meyer, the constable, has levied the same on his personal property and advertised it for sale.   It is averred that by virtue of such appeal the justice of the peace lost jurisdiction in the premises and the same vested in the circuit court.

The theory of the case presented by plaintiff is that the judgment of the justice of the peace on which the execution for costs was issued against him was superseded and vacated by his filing the necessary affidavit and

bond for appeal therefrom to the circuit court. In other words, it is urged that although the judgment originally rendered against him in the justice court was valid, it was rendered ineffective by virtue of his appeal so that it now stands as a judgment void at law without force as authority for the issue and consequent levy of the execution.

The propriety of this proceeding against the justice of the peace may be disposed of in a few words under the authority of our Supreme Court, for whatever the rule as to such matters may be elsewhere, it has been pointedly decided by the superior court of this State that a justice of the peace acts judicially in issuing an execution. That case declares that under our statutes the act of the justice in issuing an execution is not ministerial but, on the contrary, is judicial in character. [Wertheimer v. Howard, 30 Mo. 420.] This decision is conclusive on the courts of appeals as to the matter involved in the judgment there given. As a result of that doctrine, no injunction will lie against the justice to the end of restraining him from issuing the writ of execution. It is the universal rule that when an injunction is granted to stay proceedings in a court of law, it does not operate as a restraint on such court in the exercise of its jurisdiction. In such cases, the writ operates upon the parties to the action or ministerial officers and not upon the court itself. The authorities all go to the effect that an injunction will not be awarded to restrain a judge in the exercise of judicial functions. [16 Am. and Eng. Ency. Law (2 Ed.), 365; High on Injunctions (4 Ed.), secs. 45, 46.] The only matter relied upon for relief as against the defendant Frey is that he as justice of the peace issued the execution which the constable thereafter levied. The act of issuing the execution being judicial in character under the authority of the case above cited, the right of injunction is not available to restrain it, and on any the-

Ostmann v. Frey.

ory the proceeding should fail in so far as the defendant justice of the peace is concerned.

We believe, too, the rule of decision which universally obtains, except where modified by statute, as to denying injunctions when an adequate remedy at law exists, precludes any right of relief in this proceeding against the defendant constable. There is nothing in the bill tending to show the constable knew an appeal had been perfected and it appearing the judgment against plaintiff on which the execution issued was one given within the jurisdiction of the justice, the writ of execution in the hands of the constable was valid on its face and conclusive in an action sounding in trespass against him for the levy. In these circumstances, it may be conceded that no adequate remedy at law for damages sufficient to defeat the right of injunction exists against the constable, but an adequate remedy in the form of replevin exists. [Howard v. Clark, 43 Mo. 344; Melcher v. Scruggs, 72 Mo. 406; St. Louis, etc., R. Co. v. Lowder, 59 Mo. App. 3; St. Louis, etc., R. Co. v. Lowder, 138 Mo. 533, 39 S. W. 799.] In this connection, it may not be out of place to remark that our statute, section 3649, Revised Statutes 1899, Ann. St. 1906, section 3649, seems to contemplate the remedy by injunction shall exist to prevent the doing of any legal wrong whenever in the opinion of the court an adequate remedy cannot be afforded by an action for damages. Be this as it may, notwithstanding the statute, our Supreme Court adheres to the rule that an injunction should be denied if it appear an adequate remedy at law exists against the constable in replevin. See St. Louis, etc., R. Co. v. Lowder, 138 Mo. 533, 39 S. W. 799. The rule announced in that case, which was an injunction suit to restrain the constable from selling property under execution issued by the justice of the peace on a judgment given without service of summons, is to the effect that as such judgment is void an injunction to restrain the execution should be denied for the reason the defendant in the

execution could recover the property in replevin. It was said an action for damages would not lie against the constable because it appeared the judgment on which it was issued was one within the jurisdiction of the justice and the writ of execution was regular on its face. But as no title would pass to the purchaser at the execution sale, for the reason the judgment was void as being without notice, an adequate remedy at law in replevin sufficient to defeat the right of injunction existed. There can be no doubt of the general rule that equity will decline to award an injunction to restrain a sale under execution issuing from a court or on a judgment given without jurisdiction for the reason in such circumstances an adequate remedy at law exists which may afford complete relief to the plaintiff. [16 Am. and Eng. Ency. Law (2 Ed.), 666; High on Injunctions (4 Ed.), secs. 89, 125; St. Louis, etc., R. Co. v. Lowder, 138 Mo. 533, 39 S. W. 799; St. Louis, etc., R. Co. v. Reynolds, 89 Mo. 146, 1 S. W. 208; Straub v. Simpson, 74 Mo. App. 230.]

Under the rule announced by our Supreme Court in the cases cited, it is entirely clear that if the judgment in the present case were superseded by appeal to the circuit court and thereby rendered ineffective for the purposes of an execution, as alleged by plaintiff, then the execution issued thereon, although regular on its face, was void and of no force, and the constable's sale thereunder would convey no title. In such circumstances, an adequate remedy at law in replevin existed in favor of the plaintiff to recover the property held in execution and the injunction should be denied for that reason, as was done in St. Louis, etc., R. Co. v. Lowder, 138 Mo. 533, 39 S. W. 799.

The judgment should be affirmed. It is so ordered. All concur.