# CARTHAGE NATIONAL BANK, Respondent, v. E. B. POOLE, Appellant.

**Springfield Court of Appeals, December 4, 1911.**

1. **JUDGMENTS: Jurisdiction to Enjoin: Injunction Only Out of Court Rendering Judgment.** P had purchased at an execution sale five shares of stock in a telephone corporation belonging to L and brought an action in the circuit court of Barton county against the telephone company and L to compel the transfer of said shares of stock on the books of said company and to have issued to him certificates of stock admitting him to all the rights and privileges of a stockholder in said company. A decree was rendered as prayed. Thereafter plaintiff instituted this action in the circuit court of Jasper county, praying that the defendants be restrained from obeying the decree of the circuit court of Barton county on the grounds that before the purchase of ·said shares of stock by P at the execution sale against L, that the said L had transferred and assigned to plaintiff said shares of stock as collateral security on a promissory note executed by said L to this plaintiff. *Held*, that the circuit court of Jasper county had no jurisdiction to make an order restraining defendants from obeying the judgment of the Barton county circuit court.

2. **——: ——: ——: Statutes Declaratory of General Rule.** The statutes, Revised Statutes 1909, sections 2516 and 2244, declare the general rule to the extent that every court has the exclusive control of its proceedings and that no court has a right to interfere with, restrain or control the judgment or decree of another court. And the purpose of the statutes should not be defeated by the mere introduction into the proceedings of parties who are strangers to the judgment.

3. **CORPORATIONS: Corporate Stock: Personal Property: Transfer on Books not Essential to Pass Title.** Section 2894, Revised Statutes 1909, provides that corporate stock is personal property and it has been held under this section ·that the law does not make it essential to the title that the stock should be transferred on the books of the corporation.

4. **JUDGMENTS: Self-enforcing Decrees: Passing Title to Corporate Stock: Corporations.** Under section 2109, Revised Statutes, 1909, a decree of a circuit court, passing title to corporate stock is self-enforcing and it is not essential that any act be done on the part of the corporation such as a transfer of said stock on its books.

5. **PLEADING:** Demurrer: Where Plaintiff is Entitled to Some Relief. Where a petition shows that the plaintiff is entitled to some relief, though not to the extent demanded, a demurrer thereto should not be sustained as the court may grant any relief, consistent with the case made and embraced within the issue.

6. **PLEDGE:** Action to Foreclose Lien: Corporate Stock: Owner Necessary Party. The owner of stock in a corporation, which has been pledged to secure a loan, is a necessary party in an action, the purpose of which is to foreclose his interest in the stock and apply the proceeds on the loan.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

REVERSED AND REMANDED (*with directions*).

*W. H. Timmonds* for appellant.

(1) A decree of a circuit court is self-enforcing and title is passed thereby without any act to be done on the part of the defendant. R. S. 1909, secs. 2109, 2110, 2111; Macklin v. Allenberg, 100 Mo. 341; Henderson v. Dickey, 50 Mo. 165. (2) Every court has the exclusive control of its process and no other court has a right to interfere with or control it. Mellier v. Bartlett, 89 Mo. 134; Gilbert v. Renner, 95 Mo. 151; Scrutchfield v. Sauter, 119 Mo. 621; Knealy v. Staed, 55 Mo. App. 176. (3) Interference of one court with the judgment or process of another court makes conflicts of jurisdiction and destroys respectful comity among the courts of this state and should be prevented. Scrutchfield v. Sauter, 119 Mo. 622. (4) One circuit court cannot enjoin or restrain the process or decree of another circuit court. Green v. Tittman, 124 Mo. 372; Pettus, Admr., v. Elgin, 11 Mo. 411; Railroad v. Sweet, 103 Mo. App. 276.

*H. L. Shannon* for respondent.

NIXON, P. J.—This was an action in equity brought by Carthage National Bank against E. B. Poole, the Lamar & Barton County Telephone Company, a corporation, and E. J. Layne, secretary of the said corporation, to restrain the corporation and, its secretary from transferring five shares of the corporation's stock to E. B. Poole on the books of the corporation and from paying dividends thereon to said E. B. Poole and for other relief as will appear from the petition. Defendants Lamar & Barton County Telephone Company and E. J. Layne as its secretary appeared without summons and answered. Defendant E. B. Poole filed a separate demurrer to the petition, which, being overruled, he refused to plead further, and a decree was entered in accordance with the prayer of the petition. The case is here on E. B. Poole's appeal.

As the question presented for our consideration in this appeal arises on a general demurrer filed by the defendant, E. B. Poole, to plaintiff's petition, a full understanding of the controversy may best be had by reading the petition, which is as follows (formal parts omitted):

"For an amended petition herein plaintiff says that it is now and at all times hereinafter mentioned was a banking corporation organized and doing business in the city of Carthage, Missouri, under the laws of the United States providing for the organization of national banks; that the Lamar & Barton County Telephone Company is a corporation organized and doing business as a telephone company under the laws of the State of Missouri; and that E. J. Layne is secretary of said telephone company.

"Plaintiff further says that on or about the 21st day of June, 1906, John W. Layne and Elizabeth J. Layne made, executed and delivered their promissory

note for the sum of $375, payable ninety days after date, for value received, with interest at the rate of eight per cent per annum from maturity until paid, and that said note has never been paid and that the plaintiff herein is still the owner and holder of said note; that at the time of execution and delivery of said note to the plaintiff the said John W. Layne assigned five shares of the capital stock of the said Lamar & Barton County Telephone Company to said bank as collateral security for said promissory note by executing a blank assignment of Certificate No. 17 of the Lamar & Barton County Telephone Company for five shares of the capital stock of said telephone company and by delivering the said certificate of stock to the plaintiff, which said certificate of stock is and ever since the delivery of the same to the plaintiff has been held by the plaintiff as collateral security for said promissory note. .

"Plaintiff further says that the above mentioned defendant, E. B. Poole, commenced an action in the circuit court in and for the county of Barton, in the State of Missouri, at the January, 1910, term of said court by petition, in which it is alleged and charged that on the first day of July, 1905, the Lamar & Barton County Telephone Company, in due form of law issued five shares of its capital stock to the said John W. Layne, of the par value of $100 each, and that the said E. B. Poole was, at the time of filing said petition and ever since the 1st day of May, 1909, has been, the owner of said five shares of the corporate stock of the said Lamar & Barton County Telephone Company, so issued as above stated, to the said John W. Layne, and that the said E. B. Poole acquired the said five shares of stock so issued to the said John W. Layne by purchase at a sale under execution issued on the 19th day of April, 1909, by E. H. Warren, a justice of the peace within and for Lamar township, Barton county, Missouri, upon a judgment rendered by said

justice of the peace in an action for damages for breach of contract against the said John W. Layne, and that the said five shares of stock of the said John W. Layne were levied upon and sold by the constable of Lamar township, Barton county, Missouri, under said execution, and that at said sale the said E. B. Poole became the purchaser of said shares of stock and that the said E. B. Poole has never been in possession of the certificate of said shares of stock, as it had never been turned over to him by the said John W. Layne, and that the said E. B. Poole had, on the 5th day of May, 1909, requested and demanded of Elizabeth J. Layne, as secretary of the Lamar & Barton County Telephone Company, that she transfer or have the same transferred on the books of said telephone company by virtue of the authority given by said execution sale, and that he had demanded of said corporation the transfer of said stock on the books of said corporation to the said E. B. Poole, and that the said telephone company and its said secretary, E. J. Layne, had failed and neglected and refused to make such transfer and assignment of said stock to the said E. B. Poole, thereby depriving him, the said E. B. Poole, of his right in the law to participate in the meetings of the stockholders of said corporation by virtue of being the owner of said five shares of stock, and also denying and refusing him, the said E. B. Poole, the right to represent said five shares of stock at the meetings of the stockholders, as well as all other rights and privileges as the owner of said five shares of stock of said telephone company, and that there was, at the time of filing said petition, unaccounted for and due to the said E. B. Poole dividends on the said five shares of said stock; and charging and alleging many other facts and things and praying that the court, by a proper decree, require said corporation, by its proper officer or officers, to transfer said five shares of stock of said corporation to the said

E. B. Poole on the books of said corporation, and to admit him, the said E. B. Poole, to all the rights and privileges of a stockholder in said telephone company, and to ascertain and determine the amount of dividends unpaid and due said E. B. Poole on said five shares of stock, and to render judgment against the said telephone company for the amount of unpaid dividends found by the court to be due.

"Plaintiff further says that in said suit commenced by the said E. B. Poole, as aforesaid, this plaintiff was not made a defendant, and that upon a trial of the case the said circuit court of Barton county found the allegations of the aforesaid petition of the said E. B. Poole to be true, and entered a decree directing the said E. J. Layne and the said Lamar & Barton County Telephone Company to transfer the said stock on its books to the said E. B. Poole, and to issue to him, the said E. B. Poole, a certificate therefor, and directing the said telephone company and its officers to pay to the said E. B. Poole all accrued dividends on said capital stock, and granting to the said E. B. Poole all further relief prayed for in said petition.

"Plaintiff further says that unless restrained from doing so the said Lamar & Barton County Telephone Company will transfer said stock on its books to E. B. Poole, and will issue to him a certificate for said shares of stock, and will also pay to him the accrued dividends thereon and admit him to all the rights and privileges of a stockholder of said corporation.

"Plaintiff further says that the aforesaid shares of stock evidenced as aforesaid by Certificate No. 17 are the same shares of stock that were decreed by the court of Barton county to be the property of the aforesaid E. B. Poole, and that if the same are transferred to the said E. B. Poole on the books of said company and a certificate therefor issued to him, the said E. B. Poole, and he, the said E. B. Poole, is permitted, by

reason of the ownership thereof, to participate in the meetings of said corporation as the owner of said stock, and is permitted to draw the dividends accrued on said stock, this plaintiff will suffer an irreparable injury for which it has no adequate remedy at law.

"Where plaintiff prays that the said E. B. Poole be restrained from participating in meetings of said corporation as the owner of said stock, and from receiving dividends which have accrued of which will accrue thereon, and that the said corporation and its secretary be restrained from transferring said stock to the said E. B. Poole on the books of said company, and from issuing a certificate of stock to the said E. B. Poole evidencing the ownership thereof, and from paying the dividends which have accrued and which may accrue thereon to the said E. B. Poole, and the plaintiff further prays that the court shall order and decree that said stock shall be sold and that the proceeds of such sale shall be applied, first, to the payment of the aforesaid note, made, executed and delivered by the said John W. Layne and Elizabeth J. Layne, and in event of a surplus remaining after the payment of said note that the court shall order and direct that the said surplus shall be disposed of according to the interests of the parties herein, and the plaintiff also prays the court for judgment against the defendants herein for his costs in this case."

The separate demurrer filed by defendant E. B. Poole assigns two grounds, (1) that the court had no jurisdiction of the action, and (2) that the petition did not state facts sufficient to constitute a cause of action against this defendant.

The decree of the Jasper county circuit court recites that the court, having overruled the separate demurrer of defendant E. B. Poole to the petition, and said defendant refusing to further plead, and plaintiff, having introduced evidence tending to sustain the allegations of its petition, the court finds the issues in

favor of the plaintiff, "wherefore it is ordered, adjudged and decreed by the court that the said E. B. Poole be, and he is hereby, restrained and enjoined from participating in the meetings of the Lamar & Barton County Telephone Company as the owner of the stock represented by stock certificate No. 17 of said company, and from receiving dividends which have accrued or which may accrue thereon, and that the said corporation and its secretary,, E. J. Layne, be and they are thereby restrained and enjoined from transferring said stock to the said E. B. Poole on the books of said company, and from issuing a certificate of stock to the said E. B. Poole evidencing the ownership of said stock, and from paying the dividends which have accrued or which may hereafter accrue thereon to the said E. B. Poole. It is further ordered, adjudged and decreed by the court that said stock be sold by the plaintiff, and the proceeds of such sale shall be applied, first, to the payment of the note of John W. Layne and Elizabeth J. Layne, made, executed and delivered to the plaintiff on June 21, 1906, for and in the sum of $375, and that in the event of a surplus remaining after the payment of said note, such surplus shall be applied on the costs of this case, and the remainder, if any, shall be paid to the defendant E. P. Poole. It is further ordered and adjudged by the court that the plaintiff have and recover of and from the defendants the costs of this cause, and that execution issue therefor.''

It will be seen from plaintiff's petition that E. B. Poole had theretofore commenced a suit in the circuit court of Barton county, and that (as alleged in the petition in this case) "in said suit commenced by the said E. B. Poole as aforesaid, this plaintiff was not made a defendant, and that upon a trial of the case the said circuit court of Barton county found the allegations of the aforesaid petition of the said E. B. Poole to be true, and entered a decree directing the said

E. J. Layne and the said Lamar & Barton County Telephone Company to transfer the said stock on its books to the said E. B. Poole, and. to issue to him, the said E. B. Poole, a certificate therefor, and directing the said telephone company and its officers to pay to the said E. B. Poole all accrued dividends on said capital stock, and granting to the said E. B. Poole all further relief prayed for in said petition. Plaintiff further says that unless restrained from doing so the said Lamar & Barton County Telephone Company will transfer said stock on its books to E. B. Poole, and will issue to him a certificate for said shares of stock, and will also pay to him the accrued dividends thereon and admit him to all the rights and privileges of a stockholder of said corporation."

The question is presented whether the Jasper county circuit court had jurisdiction to make the orders and judgment entered in this case and restrain the defendants from obeying the judgment of the Barton county circuit court.

The statute (sec. 2516, R. S. 1909) provides: "Proceedings on an injunction to stay a suit or judgment shall be had in the county where the judgment was rendered or the suit is pending, and the summons may be directed and served as summons in ordinary cases." It is held under this statute that one court cannot interfere with the process of another. [Pettus, Admr., v. Elgin, 11 Mo. 411.]. "The general rule undoubtedly is that every court has the exclusive control of its process, and no other court has a right to interfere with or control it." [Mellier v. Bartlett, 89 Mo. l. c. 137, 1 S. W. 220. See, also, McDonald v. Tiemann, 17 Mo. 603; Gilbert v. Renner, 95 Mo. 151, 7 S. W. 479; Kinealy v. Staed, 55 Mo. App. 176; Green v. Tittman, 124 Mo. l. c. 378, 27 S. W. 391.] In the case of Scrutchfield v. Sauter, 119 Mo. l. c. 621, 24 S. W. 137; section 4967, R. S. 1889 (now section 2244, R. S. 1909) was under consideration. It provides: "If any

person against whose property any execution of sale shall be issued, apply to any judge of the court out of which the same may have been issued, by petition, verified by oath or affirmation, setting forth good cause why same ought to be stayed, set aside or quashed, reasonable notice of such intended application being previously given to the opposite party, his attorney of record, or agent, such judge shall thereupon hear and determine the complaint.'' The Supreme Court said: ''Did the circuit court of Cooper county have jurisdiction to restrain the sheriff from selling the property in said suit under an execution issued from the circuit court of Moniteau county? Defendants insist that under the statute (Sec. 4967) and the general law, the court from which the execution issued had the exclusive right to control it and no other court has a right to interfere. We think the position of defendant sustained by the decisions of this court. [Mellier v. Bartlett, 89 Mo. 136 and cases cited.] The statute does not confine the proceedings to obtaining relief to the defendant in the judgment, but 'any person against whose property an execution or order of sale shall be issued, is entitled to the remedy afforded by the statute and is also confined to the forum provided. An injunction to restrain a sale under execution has the effect of staying the execution within the meaning and intent of the statute. One object of the statute is to maintain respectful comity among the courts of the. state, and to avoid conflicts of jurisdiction by preventing any interference by one with the judgments and processes of another. The same rule is enjoined under section 5492, which provides that proceedings on an injunction to stay a suit or judgment shall be had in the county where the judgment was rendered or the suit is pending, and was enforced in Pettus v. Elgin, 11 Mo. 411. *The purpose of the statutes should not be defeated by the mere introduction into the proceedings of parties who are strangers to the judgment.''* (The

italics are ours.) Hence it makes no difference that the plaintiff in this case was not made a party defendant in the suit in the Barry county circuit court. The principle announced that one circuit court shall not interfere with or attempt to control the process of another circuit court in this state is simply declaratory of the general policy and wisdom of the law. The decree of the Barton county circuit court vested the title to the stock in E. B. Poole. Section 2109, R. S. 1909, provides: ''In all cases where judgment is given for . . . the delivery of personal property, the court may, by such judgment, pass the title of such property, without any act to be done on the part of the defendant.'' Section 2984, R. S. 1909, provides that corporate stock is personal property, and it has been held under this section that the law does not make it essential to the title that the stock should be transferred on the books of the corporation. [Dain Mfg. Co. v. Seed Co., 95 Mo. App. 144, 68 S. W. 951; Wilson v. Railroad, 108 Mo. 588, 18 S. W. 286.] Under section 2109 (above) a decree of a circuit court is self-enforcing, and title is passed thereby without any act to be done on the part of the defendant. [Macklin v. Allenberg, 100 Mo. l. c. 341, 13 S. W. 350; Henderson v. Dickey, 50 Mo. l. c. 165.]

Nor did the Jasper county circuit court have jurisdiction to foreclose the lien of the pledge; if it had, its judgment to that extent might be enforced. Where a petition shows that the plaintiff is entitled to some relief, though not to the extent demanded, a demurrer should not be sustained, as the court may grant any relief consistent with the case made and embraced within the issues. [Northcraft v. Martin, 28 Mo. 469; Easley v. Prewitt, 37 Mo. 361; Baker v. Railway Co., 34 Mo. App. 98.] If the petition sets forth facts sufficient to constitute a cause of action, plaintiff's right of redress is not to be prejudiced by the fact that further unnecessary statements are added. [Sumner

v. Tuck, 10 Mo. App. 269.] The rule is that a plaintiff need not prove all he avers if what he proves supports enough of the averments of his petition to constitute a cause of action. [Gannon v. Gas Co., 145 Mo. l. c. 511, 46 S. W. 968, 47 S. W. 907; Knox County v. Goggin, 105 Mo. 182, 16 S. W. 684; Haeussler v. Holman Paper-Box Co., 49 Mo. App. 631.] The petition in the case under consideration recited the making of the note by John W. Layne and Elizabeth J. Layne for $375, payable ninety days after date (which was June 21, 1906), to the Carthage National Bank; that at the time of the execution and delivery of said note to the plaintiff the said John W. Layne assigned five shares of the capital stock of the Lamar & Barton County Telephone Company to the plaintiff as collateral security for said promissory note by executing a blank assignment of Certificate No. 17 and deliverd said certificate of stock to the plaintiff, which had since been held by the plaintiff as collateral security for said promissory note. It is not alleged in express terms that this note was unpaid but it is clearly implied. The prayer asked, among other things, that the court order and decree that the stock be sold and that the proceeds be applied first to the payment of the aforesaid note, and, in the event of a surplus remaining it should be disposed of according to the interests of the parties.

But the difficulty of maintaining such a position would come from the fact that the plaintiff, the Carthage National Bank, did not make John W. Layne, who pledged the stock as collateral, a party defendant to this section. The very theory upon which plaintiff came into the Jasper county circuit court was that John W. Layne was still the owner of that stock and it was therefore incumbent upon the plaintiff to make him a party defendant if the suit was to affect the collateral pledged by him. Without his being made a party, a judgment foreclosing his interest in the prop-

erty held as collateral security would be a mere nullity for want of jurisdiction over the real party in interest.

For the reasons stated the judgment herein is reversed and the cause remanded with directions to the trial court to vacate its injunction and order of sale of the five shares of stock and judgment for plaintiff for costs, and enter judgment for costs in favor of defendant E. B. Poole.  All concur.