J. W. FARRIS and S. R. FARRAR, Respondents, v.
ALBERT SMITHPETER and JOHN S. HUFFT,
Appellants.

Springfield Court of Appeals, May 12, 1914.

1. COURTS: Process: Control of.   Every court has exclusive
control of its own process and no other court has power to
interfere with or control same.

2. ————: Process of: Relief Against: Where Scught.   Any
relief against the process of a court must be applied for in
that court.   [Citing Secs. 2244 and 2516, R. S. 1909.]

3. INJUNCTIONS: Restraining Enforcement of Fee Bill: ‚Will
Not Issue, When.   An injunction will not issue from one
court to prevent a sheriff from enforcing a fee bill, alleged to
be void, issuing from another court.

4. FEES AND COSTS: Fee Bill for Collecting.   A fee bill is the
proper process for collecting fees in favor of officers and wit-
nesses against the party for whom the services were rendered.

5. EXEMPTIONS: Fee Bill Debtor Allowed.   Exemptions are
allowed to a fee bill debtor the same as to an execution debtor.

6. FEE BILLS: Motion to Quash: Filed in Vacation.   A motion
to quash a fee bill or levy thereunder may be filed in vacation.
[Citing Sec. 2244, R. S. 1909.]

7. EXECUTIONS: Based on Void Judgment: On no Judgment:
Injunction Not Proper Remedy.   Since there is an adequate
legal remedy, injunction will not lie to restrain the threatened
sale of personal property under execution based on a void
judgment or which has no judgment whatever as a basis.

8. FEE BILLS: Judgment as a Basis Not Necessary.   A fee bill
does not need a judgment as a basis, but there must be a
proper taxation of costs.

Appeal from Laclede County Circuit Court—*Hon.
L. B. Woodside*, Judge.

REVERSED.

*R. S. Phillips* and *Watson & Page* for appellant.

(1) The demurrer should have been sustained because the petition of plaintiffs shows on its face that plaintiffs have an adequate remedy at law by moving, in the court from which the fee bill was issued, to have the same quashed. Calhoun v. Gray, 150 Mo. App. 601; Norman v. Eastburn, 230 Mo. 187, 188; Section 2244, R. S. 1909. (2) The demurrer should have been sustained because the petition shows upon its face that the court in which the suit was pending had no jurisdiction of the subject-matter, the fee bill having been issued out of the office of the clerk of the Greene county circuit court. Secs. 2516, 2244, R. S. 1909; Pettus v. Elgin, 11 Mo. 411; Norman v. Eastburn, 230 Mo. 187; State ex rel. v. Wessell, 237 Mo. 602; State ex rel. v. Riley, 127 Mo. App. 478; Bank v. Poole, 160 Mo. App. 141; Mellier v. Bartlett, 89 Mo. 134.

*J. W. Farris* for respondents.

Under the weight of the authorities and the plain provisions of the statutes, the judgment overruling the demurrer was right, and the judgment ought to be affirmed. Section 2534, R. S of Mo. 1909; Railroad v. Lowder, 138 Mo. 533; Wilhite v. Ferry, 66 Mo. App. 453; Lambert v. Railroad, 212 Mo. 706; Sullivan v. Kirkpatrick, 171 Mo. App. 233; Walther v. Cape Girardeau, 166 Mo. App. 482; Kearney v. Laird, 164 Mo. App. 413.

STURGIS, J.—This is a suit to enjoin the defendant Hufft, who is sheriff of Laclede county, from enforcing against plaintiffs a fee bill issued by the clerk of the circuit court of Greene county, Missouri, in a suit lately pending in such last named court, wherein one Simpson was plaintiff and Bantley defendant. The other defendant, Smithpeter, is the person at

whose instance the fee bill was issued and who is urg-ing its collection. The grounds of plaintiffs' liability for the costs covered by the fee bill is that they be-came sureties on a cost bond for plaintiff in the Simp-son v. Bantley case while the same was pending in the Laclede county circuit court, where it originated and went thence to Greene county on a change of venue. The present plaintiffs succeeded in getting both a tem-porary and perpetual injunction in the Laclede Cir-cuit Court restraining the collection of this fee bill issued out of the circuit court of Greene county. The final judgment granting the perpetual injunction was rendered after defendants' demurrer to the petition was overruled and defendants refused to plead fur-ther. Defendants' demurrer alleged and they stood on the grounds: (a) That plaintiffs' petition states and shows that the execution (fee bill) which they seek to enjoin was issued out of another court of like juris-diction with the one in which the injunctive remedy is sought and that the circuit court of one county has no authority or power to enjoin the process of a like court of another county; and (b) that the petition shows that plaintiffs have an adequate remedy at law.

The court erred in overruling this demurrer. Our Supreme Court in the early case of Pettus v. Elgin, 11 Mo. 411, ruled that an injunction cannot issue from one court to enjoin an execution issued from another. In that case an execution issued from St. Charles county to the sheriff of St. Louis county, and an ac-tion was brought in the latter county to enjoin its en-forcement. The Supreme Court held that the facts showed that the execution ought to be enjoined, but said: "The circumstance, that the process was in the hands of the sheriff of St. Louis county, gave the cir-cuit court of that county no control of the writ by injunction, sale or otherwise. As to that process, the sheriff of St. Louis county was an officer of the cir-cuit court of St. Charles county, it emanating from

that court. One court cannot interfere with the process of another. The application for relief should have been made to the circuit court of St. Charles county. The decree will be reversed, and the bill dismissed.'' Such has been the law of this State ever since that decision, if not before, and it has been the basis of a long line of cases holding that every court has exclusive control over its own process and that no other court has any right or power to interfere with or control the same, whether by injunction, motion to quash the writ, motion to quash the levy thereunder, or in any other manner whatever. Any relief against the process of a court must be applied for in the forum issuing it. [McDonald v. Tiemann, 17 Mo. 603; Nelson v. Brown, 23 Mo. 13, 19; Keyte v. Plemmons, 28 Mo. 104; Mellier v. Bartlett, 89 Mo. 134, 137, 1 S. W. 220; Scrutchfield v. Sauter, 119 Mo. 615, 621, 24 S. W. 137; Bank v. Poole, 160 Mo. App. 133, 141, 141 S. W. 729; Norman v. Eastburn, 230 Mo. 168, 188, 130 S. W. 276.] These decisions have for their basis sections 2244 and 2516, Revised Statutes 1909, which fix the forum for all such relief and, in part, point out the proper remedies.

The reason for the rule just stated is to maintain comity between courts and prevent conflicts of jurisdiction (Bank v. Poole, 10 Mo. App. 133, 142, 141 S. W. 729), and both the rule and reason is well stated in Mellier v. Bartlett, supra, as follows: ''The principles which are at the foundation of the cases before cited are that each court has the sole control of its process, and that the sheriff of the county to which the execution is sent is, as to that writ, the officer of the court from which the writ emanated. We cannot see any substantial ground for the distinction pressed upon our consideration. The circuit court of Butler county had no more power to quash the levy than it had to quash the execution. Any other conclusion must lead to much inconvenience and confusion. The

law allows executions to be issued from the court of one county to the sheriff of another, and the party has his remedy in the court from which the process is issued; and it is no hardship that he should be obliged to go to that court for relief because of any abuse of the writ."

Plaintiffs concede the correctness of this ruling as applied to executions but seem to think that such rule ought not to be applied to fee bills. No reason for the distinction is pointed out and we think none exists. It will be noted that the courts in many of the cases above cited do not confine the rule to executions but apply same to process and writs in general. It is said in Scrutchfield v. Sauter, supra, that: "The statute does not confine the proceedings for obtaining relief to the defendant in the judgment, but 'any person against whose property an execution or *order of sale* shall be issued' is entitled to the remedy afforded by the statute and is also confined to the forum provided." Section 10690, Revised Statutes 1909, expressly provides that fee bills shall issue to sheriffs, who shall collect the same, "and if the person or persons and their sureties for costs properly chargeable with such fees shall neglect or refuse to pay the amount thereof, and costs for issuing and serving the same, within thirty days after demand of said sheriff or other officer aforesaid, the same shall be levied of the goods and chattels, moneys and effects of such persons or their sureties, in the same manner and with like effect *as on an execution*." A fee bill is the proper process to collect fees in favor of officers and witnesses against the party for whom the services are rendered (Hoover v. Railroad, 115 Mo. 77, 21 S. W. 1076), and that case quotes from Newkirk v. Chapron, 17 Ill. 343, 353, holding that a fee bill "becomes, for this purpose, like an execution against the cost debtor." Exemptions are allowed to a fee bill debtor the same as to an execution debtor. [State ex rel. v. Emmerson, 74

Mo. 607.] It is apparent, therefore, that the same remedies by motion to quash the writ or to quash a levy thereunder, or by injunction in a proper case, is open to one whose property is wrongfully seized or is threatened to be taken under a fee bill, as in case of an execution, and that the remedy must be had in the court from which such fee bill issues. Wilson v. Geitz, 75 Mo. App. 11, is a motion to quash a levy under a fee bill.

For aught that is stated in this petition, the plaintiffs have an adequate remedy by a motion to quash the fee bill or any levy thereunder, which motion may be filed in vacation of the Greene county circuit court, as well as in term time. [Section 2244, R. S. 1909; Mellier v. Bartlett, 89 Mo. 134, 137, 1 S. W. 220; Parker v. Railroad, 44 Mo. 415, 419; Heuring v. Williams, 65 Mo. 446.]

It has also been ruled that there is an adequate remedy at law and injunction is not the proper remedy where the sale of personal property is threatened under execution or other process, based on a void judgment; and this would certainly be so where there is no judgment whatever on which to base the same. [Howlett v. Turner, 93 Mo. App. 20, 24; St. Louis & S. F. R. Co. v. Lowder, 138 Mo. 533, 39 S. W. 799; Missouri, K. & E. Ry. Co. v. Hoerth, 144 Mo. 136, 148, 45 S. W. 1085; Ostmann v. Frey, 148 Mo. App. 284, 287, 128 S. W. 257; State ex rel. v. Brown, 172 Mo. 374, 381, 72 S. W. 640.] A fee bill does not need a judgment for its basis but it does need a proper taxation of costs. The present petition alleges that the obligation for costs signed by plaintiffs never left Laclede county; was never filed in, or accompanied the transcript of the case to, Greene county; that no judgment was rendered or taxation of costs had, or could be had, against these sureties in that court, though the case there has been finally determined. And, to make the matter doubly certain, the petition further alleges: "and the

said clerk had no authority in law to issue a fee bill against these plaintiffs, and the writ under which the said defendants are proceeding is a *void writ* and gives to said sheriff no legal authority to levy upon and sell the property of these plaintiffs.'' It is not alleged that defendant was threatening to levy on real estate and by sale cast a cloud on the title, or that any levy, or sale, would cause a multiplicity of suits or afford other distinctive grounds for injunctive relief. The judgment rendered only enjoins the enforcement of the fee bill then in the hands of the sheriff and does not enjoin any judgment, or taxation, or collection, of costs in the future, or by other process. For aught that appears here, the sheriff was merely threatening to levy on some personal property and sell same under a fee bill, alleged to be utterly void, as shown by the records of the court issuing the same; and, under the authorities cited, injunction is not the proper remedy.

The judgment of the trial court will therefore be reversed.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.