STATE OF MISSOURI EX REL. THE PICKWICK STAGE LINES, INC., AND
PICKWICK SYSTEM, INC., RELATORS, v. HON. W. E. BARTON, JUDGE
OF THE 19TH JUDICIAL CIRCUIT AND OF THE CIRCUIT COURT OF
TEXAS COUNTY, MISSOURI, RESPONDENT.*

Springfield Court of Appeals. March 16, 1928.

*Corpus Juris-Cyc References: Courts, 15CJ, section 516, p. 1090, n. 44;
p. 1091, n. 49.

*Page & Barett* for relators.

*North T. Gentry*, Attorney-General, *L. Cunningham*, Assistant Attorney-General, and *Phil M. Donelly* for respondent.

BAILEY, J.—On November 12, 1927, an application for writ of prohibition was filed in this court. The portion of this application necessary to an understanding of the issues involved is as follows:

"Relators state that at all times herein mentioned they were engaged in operating *interstate bus lines* from the State of California to the city of Chicago in the State of Illinois, and that they were carrying *interstate passengers for hire through the various states* between said termini and were carrying such passengers through the State of Missouri.

" 'That on the —— day of ——, 1927, the relators, the Pickwick Stages System, made its application in due form to the State Highway Commission of the State of Missouri and paid to its proper officers all the fees and charges as required by law, and that both of the relators herein have paid all of the fees to the State of Missouri as required by law and hearing has been had before said commission as the relators, the Pickwick Stages System, and under the laws of this State the relators are now entitled to operate their said busses through the State of Missouri *in the transportation of interstate commerce.*

" 'Your relators further show that the respondent, the Honorable W. E. Barton, is and was at all times herein mentioned judge of the circuit court in and for the 19th judicial circuit of the State of Missouri, which circuit among others comprise the counties of Phelps and Texas, and as such judge he was authorized under the laws of the State of Missouri upon the presentation of a proper petition which might be filed in the circuit court to issue a temporary writ of injunction.

" 'Relators further state that on the 5th day of November, 1927, the attorney-general in the name of the State of Missouri filed a petition in the circuit court of Phelps county, Missouri, returnable at the December term of that court against the two relators herein in which petition prayer was made for an injunction restraining relators from operating busses or bus lines within the State of Missouri and along its highways; a copy of said petition, together with a copy of the writ, are as follows:' " [Italics ours.]

This petition for injunction, after stating that defendant Pickwick Stage Lines, Incorporated, is a Nevada corporation and that

defendant Pickwick Stages System is a corporation of California and have filed their articles of association and charter with the secretary of the State of Missouri, as required by law, and after stating that they are and were on November 3, 1927, engaged in operating motor busses and transportation of passengers for hire between the cities of Springfield and St. Louis, Missouri, and in and through Phelps county, proceeds as follows:

"The plaintiff states that the statutes of Missouri require that every person, firm or corporation engaged in the business of operating a motor bus in and through the State of Missouri shall first file his or its application with the Public Service Commission of the State and obtain from such Public Service Commission a certificate of public convenience and necessity to operate such motor bus and to carry and transport passengers in and through the State of Missouri before actually engaging in such business. That the defendants, in violation of law and without obtaining such certificate from the Public Service Commission, are now operating such motor busses and transporting passengers thereon for hire, and were on November 3, 1927, in and through the county of Phelps and State of Missouri on and along the highways of the State in said county, in violation of law and without any authority of law so to do.

" 'The plaintiff states that while the defendants are so engaged they are violating and defying the laws of the State of Missouri and this application for an injunction is made for the purpose of preventing the defendants, and each of them, from the doing of a legal wrong; and that adequate remedy is not afforded the plaintiff by an action for damages.

" 'The plaintiff further states that the statutes of Missouri require the defendants to pay the State treasurer an annual license fee before engaging in the business of operating a motor bus or motor carrier; and that the failure of the defendants to pay such license fee deprives the State of the money due it by reason of such statutes, to-wit, not less than $40 nor more than $230 per year for each bus. That by reason of the operation of said motor busses by the defendants, the State has no adequate remedy at law for the purpose of enforcing the statutes or collecting said sums of money and no adequate remedy at law for the purpose of protecting the general public in the lawful use of such highways.' "

The application for our writ of prohibition further states that a temporary writ of injunction was granted in chambers by the Hon. W. E. Barton on the petition of the attorney-general, "enjoining the defendants, each of them, their servants, agents, officers, employees and drivers from operating motor busses for the transportation of passengers for hire in and through Phelps county, Missouri, and from the transportation of passengers for hire in such motor busses in and

through said county and from the operation of motor busses for hire in the State of Missouri along the public highways of said State, and from the transportation of passengers for hire in such motor busses on and along the public highways of the State of Missouri until the further order of the circuit court of Phelps county, Missouri.''

The application for our writ further alleges that the State of Missouri, through said writ of injunction, is threatening to enforce same by arrest of the relators and officers for contempt and are threatening *"to prevent the operation of said interstate busses;"* that respondent, the Hon. W. E. Barton was without jurisdiction to issue the writ of injunction and without authority to enforce the same for the following reasons:

''First: Because the said respondent and the circuit court of Phelps county has no jurisdiction to prevent the running of interstate bus lines along the highways through the State of Missouri as such an order and enforcement of the same is an unreasonable interference with interstate commerce especially since the relators have complied with the laws of the State of Missouri, insofar as it is within their power.

''Second: Because the court and the respondent, the Hon. W. E. Barton, is without jurisdiction to prohibit the running of relators' busses and bus lines through the State of Missouri other than in Phelps county and the 19th judicial circuit and the orders made in said injunction proceedings and the attempt to enforce the same outside the jurisdiction of that court are illegal and void.

''Third: Because the petition filed in the circuit court of Phelps county and upon which the temporary writ of injunction was granted and issued does not state facts sufficient to give the said respondent jurisdiction to issue the said order and writ in that the petition asked for injunctive relief against the commission of a crime without any showing that there would be any injury to property or property rights or that irreparable injury would be done thereto or that the act restrained would constitute a nuisance and because it does not appear that there could possibly be any injury to the plaintiff or its rights before the final hearing might be had.'' Then follows a prayer for a preliminary writ of prohibition against respondent to prohibit the enforcing of said injunction writ until further orders of this court, which writ was issued on the 14th day of November, 1927, by this court, and is now in force and effect. Respondent's return to the writ of prohibition, filed herein, contains, among other things, the following statement: ''First, respondent states and shows to the Honorable Springfield Court of Appeals that, under the facts alleged in relators' petition herein, a Federal question and a question under the Constitution of the United States is involved in this pro-

ceeding, and the Honorable Springfield Court of Appeals has no jurisdiction herein."

The question of our jurisdiction in the premises we consider decisive of this case, hence any further reference to the return is unnecessary.

Relators contend, (1) that no question as to the construction of the Constitution of Missouri or of the United States, nor of a Federal statute is in question and that it is necessary that there be a question of construction before this court is deprived of jurisdiction; (2) that the points in issue can be decided without reference to the Constitution of Missouri or the United States; (3) that there is no question of the validity of an amendment to the Constitution of Missouri or the United States or a Federal statute; (4) that where the constitutionality of a law is well settled by a long line of decisions the Supreme Court will not take jurisdiction on the sole ground that a constitutional question is involved. Authorities are cited in support of each proposition. These various points will be considered together as they seem to be interrelated. It may be conceded there is involved in this case no question of construction of the Constitution of the State of Missouri, nor of a Federal statute, as relators assert. It will also be conceded that under article 6, section 12, of the Constitution of Missouri, that the Supreme Court has jurisdiction "in cases involving the construction of the Constitution of the United States or of this State; in cases where the validity of a treaty or statute of or authority exercised under the United States is drawn in question." A clear interpretation of this section of our constitution was given by Judge LAMM in the case of Miller v. Conner, 250 Mo. 677, l. c. 683, 157 S. W. 81, wherein he said that: "If the issue is merely one of compliance with, or interpretation or construction, of a Federal statute, such issue does not challenge the validity of such statute so as to raise a Federal question and give us jurisdiction. The final and turning question is: Does the case involve the construction of the Constitution of the United States or of this State? In order to bring an appeal within our jurisdiction on a constitutional ground, it must appear that a constitutional construction was essential to the determination of the case." But we do not consider that case or any other case cited by respondents to support their first contention as favorable to the proposition advanced, for reasons hereinafter set out. There are occasions when the determination of what is a "Federal question" or one involving a construction of the Constitution, is beset with considerable difficulty. In passing on such questions it is said that, "it must be made to appear, clearly and unmistakably, from the record, that the cause or controversy necessarily, in its determination, involves the consideration and determination of a Federal question. It is not sufficient for it to appear that such

Federal question may possibly arise. Unless from the record it clearly appears that the Federal question must be met and decided, before the issue or issues in the particular case can be finally disposed of, it cannot be said that the matter in dispute arises under the Constitution or laws of the United States." [Iowa v. R. R. Co., 33 Fed. Rep. 391.]

It is also held that: "The character of a case is determined by the question involved. If from the questions it appears that some title, right, privilege or immunity on which the recovery depends will be defeated by one construction of the Constitution or a law of the United States, or sustained by the opposite construction, the case will be one arising under the Constitution or laws of the United States." [Starin v. New York, 115 U. S. 248.]

With these rules of construction in mind we shall consider the issues raised in this case.

There is of course no question of the validity of the interstate commerce act or any other Federal statute involved in this case. There is, we think, clearly involved a question of the constitutionality of a statute of the State of Missouri. The petition filed by the attorney-general seeking a temporary injunction specifically states "that the statutes of Missouri, require that every person, etc., engaged in the business of operating a motor bus in and through the State of Missouri, etc., shall obtain a certificate of public convenience and necessity;" that defendants have violated this law and "are now operating such motor busses and transporting passengers for hire in violation of law." No other ground for relief is set forth.

The order granting the temporary writ of injunction was bottomed on the theory that the defendants in the injunction suit were violating a law of the State of Missouri. No motion to dissolve or answer was filed by defendants in the injunction suit but, as heretofore stated, application was made directly to this court for a writ of prohibition to prevent respondent from enforcing the injunction. It is evident that no constitutional question protruded itself up to this point in the case. In their application for the writ of prohibition relators place emphasis on the fact, throughout that instrument, as heretofore shown in italics, that they are operating *interstate* bus lines, and as the first ground on which they base their contention that respondent had no jurisdiction to issue the writ of injunction state: "Because the said respondent has no jurisdiction to prevent the running of interstate bus lines along the highways through the State of Missouri, as such an order and enforcement of the same is an *unreasonable interference with interstate commerce,* especially since the relators have complied with the laws of the State of Missouri, insofar as it is within their power." It may be and is contended that relators did not thus raise a constitutional ques-

tion, but certainly such statement in their application prepared the way for respondents to raise such a question. After the issuance of our preliminary writ of prohibition, respondents filed a return which, as heretofore pointed out, states that this court has no jurisdiction for the reason that under the facts alleged in relators' petition herein, a Federal question and a question under the Constitution of the United States is involved in this proceeding. While this statement does not specifically point out the section of the Constitution involved, it is asserted in the briefs and argument that the claim of relators is based on the right of Congress to regulate commerce among the several States under the provisions of section 8, article 1, of the Constitution of the United States. Even though specific reference is not made to the section of the Constitution violated if the question is in the record in such form that the case cannot be decided without deciding the constitutional question, then the question is properly before this court. [City of Excelsior Springs to use v. Ettenson, 188 Mo. 129, 86 S. W. 255.]

While the constitutional question is first raised in this court, it is raised at the first opportunity, and in questioning our jurisdiction in the matter under consideration, that would seem to be a sufficient compliance with the settled law of this State. [Lohmayer v. St. Louis Cordage Co., 214 Mo. 685, l. c. 689, 113 S. W. 1108.]

If there is a Federal or constitutional question involved, as those terms are understood, then of course this court is without jurisdiction. [Sec. 12, of art. VI, Constitution of Missouri.]

It is said this case may be decided without reference to the Constitution either of Missouri or the United States and therefore no constitutional question really exists. It is quite true this court might well decide in favor of respondent on other points made in its application for the writ of prohibition, viz., because respondent may have exceeded his jurisdiction in attempting to enforce an injunction outside his own judicial circuit or because the petition filed failed to state a cause of action, and, in thus deciding the case, we might ignore the Federal question raised. But in our opinion such a decision would not change the effect of a constitutional question being involved which would deprive this court of its jurisdiction. There are few cases in which the sole question is a constitutional one. But regardless of other issues, if a constitutional question is fairly involved, this court has no jurisdiction. It is also well settled that the jurisdiction of this court is limited in cases involving prohibition the same as it would be on appeal.

By the provisions of section 5, of the Amendment of 1884, article VI, Constitution of Missouri, it is provided that, ''In all causes or proceedings reviewable by the Supreme Court, etc., appeals shall lie from such trial courts directly to the Supreme Court, and the Su-

preme Court shall have an exclusive jurisdiction of such writs of error and appeals, *and shall in all such cases exclusively exercise superintending control over such trial courts."* [State v. Reynolds, 275 Mo. 113, 204 S. W. 1093; State v. Nortoni, 201 Mo. 1, 98 S. W. 554.]

If an answer and motion to dismiss the injunction had been filed in the lower court, raising the question, as it has been raised here, that the action of respondent in issuing the injunction was an unwarranted and unauthorized interference with interstate commerce and that the State of Missouri had no authority to regulate, prohibit or burden interstate commerce, then if an appeal were to be taken, it seems clear the case would go to the Supreme Court. When the validity of the action of respondent was attacked on the theory that the injunction writ was an interference with interstate commerce, such attack necessarily called in question the validity of the statute requiring interstate bus companies, carrying passengers for hire, to first obtain a certificate of convenience and necessity. In the absence of such statute, which was pleaded in the petition for injunction, there would be no basis whatever for issuing the writ of injunction. In other words, the constitutionality of the act of the Legislature of Missouri is a vital question in the case. Moreover, one of relators' assignments of error clearly raises the question of the injunction being an unauthorized interference with interstate commerce. In relators' brief it is further stated that "a State has no power to directly regulate, prohibit or burden interstate commerce or rights flowing proximately therefrom." In what way is the State of Missouri attempting to so interfere? Of course in only one respect, i. e., by attempting to enforce its State law prohibiting busses to operate on State highways without first obtaining a certificate from the Public Service Commission as required by law. It is further pointed out in relators' brief that, "No license from local authorities or certificate of public convenience and necessity is required in respect of transportation that is exclusively interstate." [Citing Interstate Busses Corp. v. Holyoke St. Ry., 273 U. S. 45, 71 L. Ed. 319, and other cases.] This point is also thoroughly briefed by respondent. It appears to be the most vital issue in the case and one of grave importance. That it requires a construction of the exclusive power of Congress to regulate interstate commerce as delegated to that body by section 8, article 1, of the Constitution of the United States is unmistakably clear and that the constitutionality of an Act of the Legislature of Missouri is involved is equally obvious. Jurisdiction on appeal would, therefore, lodge with the Supreme Court of Missouri and this court has no jurisdiction. [State ex rel. v. Rombauer et al., 105 Mo. 103, 16 S. W. 695.]

It has been suggested that this court is not deprived of jurisdiction because no question of the validity of a Federal statute is involved. [Citing Live Stock Commission Company v. C. H. & St. L. Ry., 157 Mo. 518, and Vaughn v. Wabash, 145 Mo. l. c. 61.] It is true there is no question of the validity of a Federal statute involved. Insofar as we are informed Congress has never attempted to regulate interstate bus lines. That, however, does not change the situation. If the constitutionality of an act of the Missouri Legislature is involved, either as to the Constitution of Missouri or the United States, this court has no jurisdiction.

It follows that our preliminary writ of prohibition should be quashed and the application for a writ of prohibition denied. It is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.