GREGORY BUS LINE, INC., APPELLANT, v. CLARENCE STEPHENS ET AL., RESPONDENTS.*

In the Springfield Court of Appeals. Opinion filed March 30, 1929.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 863, p. 967, n. 42; Justices of the Peace, 35CJ; section 311, p. 682, n. 92; Sheriffs and Constables, 35Cyc, p. 1743, n. 24.

*C. G. Shepard* for appellant.

*S. V. Medling* for respondents.

BAILEY, J.—Plaintiff filed its bill in equity to enjoin defendants, Clarence Stephens, Orace Scott and Steve Medling from enforcing by execution a certain judgment alleged to be void. Clarence Stephens had brought a suit by attachment against the present plaintiff, a non-resident corporation operating a bus line and, as alleged, engaged in interstate commerce. Defendant Steve Medling is attorney for defendant Stephens. Defendant Orace Scott is constable of Little Prairie Township, Pemiscot county. From a judgment dismissing plaintiff's bill and finding the issues for defendants, plaintiff has appealed.

No question is raised as to the pleadings and only such reference will be made thereto as seems necessary for an understanding of the issues. The bill alleges that defendant is engaged in interstate commerce; that defendant Clarence Stephens brought suit by attachment against this plaintiff before a justice of the peace in Little Prairie Township and obtained a judgment for $152.50; that plaintiff was not served with process; that the record of the justice shows that one, Stringer, as agent for plaintiff, entered plaintiff's appearance; that said Stringer had no right to represent plaintiff in said cause; that Stringer was a bus driver for plaintiff and had no authority to attend to court matters for plaintiff; that plaintiff had no knowledge of said suit until long after the judgment was rendered; that Stringer, without authority, appealed said cause to the circuit court; that no notice of appeal was given and the appeal was dismissed as required by law; that the justice record shows the judgment to be regular on its face; that execution was issued on said judgment and one of plaintiff's busses attached; that plaintiff has no adequate remedy at law and that plaintiff has a meritorious defense (which defense is fully set out).

The answer sets up the agency of Stringer and knowledge and ratification of his acts, in connection with the original proceedings, on the part of plaintiff. The reply was a denial of these allegations.

Plaintiff assigns as error No. 1, that the court erred "in holding that this case is controlled by the case of St. Louis & S. F. Ry. Co. v. Lowder, 138 Mo. 533, 39 S. W. 799, and that an injunction would not lie." The record fails to show upon what ground the trial court rendered its decision. We think, however, this assignment raises the decisive question of this case, i. e., whether or not plaintiff has a remedy by injunction under the law and facts. These facts tend strongly to show that plaintiff's bus driver, Stringer, had no authority whatever to act for plaintiff in the matter of litigation; that there was no service on plaintiff in the attachment suit and that the appearance by plaintiff was through an unauthorized agent; that the judgment, although regular on its face, is void for want of jurisdiction over the person. Assuming then that the judgment is void, has

plaintiff a remedy by injunction to prevent the enforcement of an execution thereon against its personal property?

It is well settled that where a justice of the peace has jurisdiction of the subject-matter of a cause of action and renders judgment, if the execution is regular on its face, it affords complete protection to the constable executing the writ, even though the judgment itself may be void. [Owls' Nest v. Haines, 189 Mo. App. 433, 176 S. W. 513.] In the Lowder case, referred to by plaintiff in its assignment of error, supra, a judgment was rendered by a justice of the peace without service of process. A bill in equity was filed to restrain the collection of the judgment. The Supreme Court, after reviewing the authorities in this State held that, "The execution being regular upon its face and emanating from a court having jurisdiction of the subject-matter, was a sufficient protection to the constable against any action of trespass which might be brought against him by the judgment debtor, notwithstanding both judgment and execution were void, but it does not for that reason follow that the defendant in that suit did not have full, complete, and adequate remedy at law against the collection of a judgment which it alleges to be void. The defendant in the execution, plaintiff here, could have replevied the property from the purchaser after its sale by the constable under the execution. In such case the remedy at law would be ample and adequate.

"The judgment and execution being void no title would have passed to the purchaser of the property thereunder, notwithstanding such execution may have been a protection to the officer against an action of trespass against him by the owner of the property."

Prior decisions holding a contrary doctrine were specifically overruled. In the later case of Goldie Construction Company v. Rich Construction Company, 112 Mo. App. 147, 86 S. W. 587, it appeared that a judgment was rendered by a justice of the peace against a defendant not served with process. A stipulation was filed, however, by an attorney at law, who pretended to represent defendant and entered defendant's appearance. He had no such authority, but the justice assumed jurisdiction based on the stipulation. The St. Louis Court of Appeals, speaking through Judge Goode, held that since the judgment was not void on its face, defendant could maintain an action to restrain its enforcement. The opinion attempts to distinguish that holding from the rule announced by the Supreme Court in the Lowder case, using this language:

"We are cited to the case of St. Louis, etc., R. R. v. Lowder, 138 Mo. 533, as establishing the rule that a void judgment before a justice will not be enjoined. But the judgment dealt with in that case was void on the face of the proceedings for lack of service. The court which gave the judgment had no jurisdiction, real or apparent,

of the defendant. The present respondent is in a very different situation; for, as said above, an apparently valid judgment stands against it and can be shown to be invalid only by learning extrinsic facts.''

We are much impressed with the reasoning in the Goldie case to the effect that defendant against whom the void or voidable judgment was rendered had no adequate remedy at law to prevent him from being harassed by the execution and his property seized. But the distinction attempted to be shown between the decision in the Goldie case and that of the Supreme Court in the Lowder case, to our minds, is not tenable. In both cases the justice had jurisdiction over the subject-matter. In the Lowder case there was no service and the judgment was void, yet the constable was fully protected by the writ of execution, regular on its face. In the Goldie case the judgment was void for matters not shown by the record and again the execution was a full protection to the officer serving the writ. The point upon which the Supreme Court decided the Lowder case was that plaintiff had an adequate remedy at law in replevin against any purchaser at an execution sale of property seized under the void judgment. That same remedy would have existed in the Goldie case and, under the ruling of the Supreme Court in the Lowder case, injunction would not lie, there being an adequate remedy at law. The ruling in the Lowder case has been consistently followed in this State. [M. K. & T. Ry. Co. v. Hoereth, 144 Mo. 136, 45 S. W. 1085; Ostmann v. Frey, 148 Mo. App. 284, 128 S. W. 257 (St. Louis Court of Appeals) ; Farris v. Smithpeler, 180 Mo. App. 466, 166 S. W. 655; State ex rel. v. Brown, 172 Mo. 374, l. c. 381, 72 S. W. 640.]

It is therefore our opinion that, if the judgment in this case is void, and the evidence tends to establish that fact beyond question, plaintiff has a remedy at law against any purchaser at an execution sale and therefore the trial court properly dismissed its bill.

In view of that holding, other questions raised become immaterial. The point is made that since plaintiff is engaged in interstate commerce the execution is an unlawful interference therewith and for that reason the bill will lie. It is doubtful whether this court could entertain jurisdiction of the case if that point were properly raised and preserved. [State ex rel. Pickwick Stage Lines v. Barton, 4 S. W. (2d) 852.] Plaintiff did not bring that question to the attention of the trial court in its motion for new trial and it may not be considered on appeal. The judgment is affirmed.

*Cox, P. J.,* concurs; *Smith, J.,* not sitting.